IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NUMBER: 7:13-cv-145-F

Lisa Cooper,
    *Plaintiff*,

vs.

The Smithfield Packing Company, Inc.,
    *Defendant*.

**AMENDED COMPLAINT**
*(Jury Trial Requested)*

1. This action is brought by a female citizen of Robeson County, North Carolina, for declaratory relief as well as damages. Plaintiff seeks compensation from the Defendant for maintaining a policy, practice, custom or usage of discriminating against Plaintiff for exercising her rights under Title VII with respect to compensation, terms, conditions, promotions, and privileges of employment in ways which deprive Plaintiff of equal employment opportunities and otherwise adversely effect plaintiff's status as an employee.

2. Jurisdiction of the Court is invoked pursuant to 28 USC § 1343 (3) and (4), 28 USC § 1331, and 42 USC § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et. seq. as amended and as amended by the Civil Rights Act of 1991; and 42 USC § 1981.

3. Jurisdiction is further invoked pursuant to 28 USC §§ 2201 and 2202, this being an action for declaratory relief declaring illegal the acts of Defendant complained herein in violation of rights secured to plaintiff by the several Civil Rights Acts and the Constitution.

4. All conditions precedent to jurisdiction under 42 USC § 2000e-5(f)(3) have occurred or been complied with, to wit:

    - On or about December 21, 2011, Plaintiff timely submitted a charge of discrimination on the basis of retaliation and sex discrimination to the Equal Employment Opportunity Commission (EEOC). Said Charge # is 433-2012-00286.

    - On or about April 19, 2013, the Department of Justice mailed the Plaintiff a notice of right to sue letter related to Charge #: 433-2012-00286.

5. Plaintiff, Lisa Cooper, is a female citizen of the United States and the State of North Carolina and resides in Robeson County, North Carolina. At all times alleged herein, Plaintiff was an employee within the meaning of 42 USC § 2000e(f).

6. The unlawful practices alleged herein were committed within the State of North Carolina; specifically in Bladen County, North Carolina.

7. The Defendant employs more than 10,000 people throughout the nation and operates in the production, processing and distribution of food and related products. At all times alleged herein, the Defendant was an employer within the meaning of 42 USC § 2000e(b) and employed more than fifteen (15) employees.

8. Plaintiff contends that at all times alleged herein, she was qualified for the positions she held with the Defendant. The plaintiff contends that she was subjected to disparate treatment due to her gender and, in retaliation for participating in a protected act, in terms of the work conditions, privileges, benefits, and work environment. Plaintiff's claims of the violations of Title VII arise from allegations of disparate treatment, retaliation, discrimination and wrongful constructive discharge.

9. The Plaintiff began her employment with the Defendant in December, 1995. Immediately prior to her termination, the Plaintiff held the position of Supervisor. The Plaintiff further contends that throughout her employment with the Defendant, she was performing her job satisfactorily and was not in jeopardy of being terminated due to any fault of her own or due to poor job performance.

10. The Plaintiff contends that beginning in January 2007 and extending through December 31, 2007, she was subjected to sexual harassment on more than twenty (20) occasions by Superintendent Tommy Lowery which mostly consisted of sexually explicit comments. The plaintiff further contends that over the years 2008, 2009 and 2010, the harassment continued on at least a monthly basis. However, beginning in January, 2011 the harassment worsened and included, but was not limited to, sexually explicit statements made to her, sexual advances made toward her, inappropriate sexual contact and making continuous physical and emotional threats to the Plaintiff.

11. The Plaintiff further contends that beginning in January 2011, Lowery subjected her to disparate treatment due to her gender, including but not limited to requiring her to work later than her male coworkers for no legitimate business reason, forcing her to spend time working physically closely with him in the office and physically harassing her as she would enter and/or exit the office, requiring that she do extensive menial tasks, making significant, inappropriate inquiries regarding her personal life and inappropriately disclosing matters about his personal life to her. The plaintiff further contends that Lowery did not engage in the aforementioned acts with any of the male employees.

12. The Plaintiff further contends that in approximately January 2011, Lowery began relentlessly pursuing her for an intimate relationship, and either explicitly or implicitly implied that her

submission to his demands was a condition of continued employment with the defendant company.

13. The Plaintiff further contends that in approximately March 2011, Lowery berated the Plaintiff's spouse to the Plaintiff on a regular basis. Specifically, Plaintiff contends Lowery would make derogatory comments about Plaintiff's spouse because Plaintiff's spouse is Caucasian and Plaintiff is African-American. The Plaintiff further contends that Lowery did not make derogatory remarks to the male employees about their wives regardless of race.

14. The Plaintiff contends that in approximately March 2011, she requested a transfer to another department or another city to get away from Lowery. However, she was told that there were no vacancies to facilitate the transfer.

15. The Plaintiff contends that she complained directly to Lowery about his sexually harassing behavior and told him to refrain from treating her in that manner on each occasion throughout the years up to and including July 18, 2011. The Plaintiff further contends that she verbally complained to other co-workers and Lowery's supervisor about Lowery's sexual harassment on more than one occasion, including but not limited to complaining to both as late as July 18, 2011. In approximately April 2011, the Plaintiff contends that she also complained to Human Resources Manager, Jamie Pope, about Lowery's conduct. The plaintiff contends that she provided Pope with details verbally of the sexual harassment by Lowery against her so that Human Resources could conduct an investigation. The plaintiff also contends that she provided Human Resources with names of witnesses who could support her allegations of sexual harassment. The plaintiff further contends that she provided Human Resources with a written complaint on July 18, 2011. The plaintiff further contends that Human Resources failed to conduct an investigation and failed to contact the witnesses

she provided. The plaintiff further contends that her complaints were not taken seriously by the defendant company.

16. In July, 2011, the plaintiff contends that she called the Employee Assistance Program (EAP) offered through the defendant company, in an effort to seek emotional support and treatment for the distress she was suffering as a result of Lowery's conduct.

17. Plaintiff contends that after she complained to human resources in approximately April, 2011, the harassment by Lowery increased. Based upon information and belief, the Plaintiff contends that Lowery was aware that she had complained to Human Resources because he referenced her internal complaints when threatening her and making sexual comments to her. The Plaintiff further contends that Lowery threatened to kill her if she continued to report him to upper management. The Plaintiff contends that neither Pope nor the defendant company supported her after the allegations of harassment were made regarding Lowery, and retaliated against her by, among other things, disregarding her complaints about Lowery, allowing Lowery to continue to harass her, failing to transfer her or Lowery to work in other departments, ratifying Lowery's conduct, continuing to allow Lowery to supervise her, refusing to investigate her claims of sexual harassment against Lowery, disregarding the plaintiff's concerns that Lowery's conduct was affecting her and her ability to work under his supervision, thereby making a concerted effort to get the Plaintiff to quit. The plaintiff contends that because of the aforementioned acts and because the employer would not address her complaints about Lowery's conduct and the persistence of Lowery's sexually harassing behavior, her working conditions had become so intolerable that on July 19, 2011, she was forced to resign to escape the harassment and address her mental health. The plaintiff

further contends that all acts set forth in this paragraph collectively constitute an adverse employment action as defined under Title VII.

18. Plaintiff contends that between 2007 and 2011, she was routinely subjected to offensive sexual harassment, in terms of the work conditions, privileges, benefits and work environment. The Plaintiff contends that she is a member of a protected class and was harassed by her manager because of her gender. The Plaintiff further contends that such harassment was unwelcome and was sufficiently severe and pervasive to alter the conditions of employment and to create an abusive and hostile working environment; and the employer knew or should have known of the harassment and failed to take prompt effective remedial action. The Plaintiff further contends that Lowery engaged in sexually harassing behavior on almost a daily basis in the presence of other employees of the defendant company.

19. The Plaintiff further contends that at all times during her employment with the defendant company, the company did not have an effective sexual harassment policy.

20. The Plaintiff further contends that other employees, Supervisors and Human Resource Managers were aware of the ongoing sexual harassment and other sexually inappropriate workplace behaviors; yet they did nothing to stop them.

21. Based upon information and belief, the plaintiff contends that Lowery engaged in sexually inappropriate and harassing behavior with other female employees of the defendant company between 2008 and July 2011. Further, the plaintiff contends that the defendant company is aware of the previous illegal and unethical conduct of Lowery, but failed to properly supervise him. Moreover, the Defendant Company continued to retain defendant Lowery in spite of his known previous illegal and unethical conduct.

22. The Plaintiff contends that the Defendant Company knew or should have known that its employees were unjustifiably treating female employees differently than non-female employees. Specifically, the plaintiff contends that the Defendant Company knew Lowery was treating her differently that male employees due to her gender. Notwithstanding, the Defendant Company's failure to act accordingly effectively ratified and condoned the sexually harassing treatment of the Plaintiff. Specifically, the Plaintiff contends that Lowery's behavior was consistently disruptive and of a sexually harassing nature.

23. Plaintiff contends that as a result of Defendant Company's sexual harassment and retaliation, she has suffered and continues to suffer severe emotional distress, including but not limited to, headaches, chronic depression, insomnia, chronic anxiety, stress, "nervous stomach," and fear. The Plaintiff further contends that Lowery's behavior caused her to be fearful in her work environment and caused her to be demeaned and disregarded. The Plaintiff further contends that she has sought treatment by a therapist and/or medical doctor for the aforementioned conditions as a result of Lowery's retaliatory and sexually harassing behavior, and her subsequent separation of employment. The Plaintiff contends that her medical doctor and therapist diagnosed her as suffering from severe emotional distress as a result of the aforementioned behavior and prescribed medication to treat her condition.

24. All supervisors and employees were, at all times herein, working within the course and scope of their employment and in furtherance of the employers business. The plaintiff contends that at all times herein, the defendant company had the power, authority and responsibility to control Lowery's and other employees' conduct within the workplace; however it failed to do so. Further, pursuant to the doctrine of respondeat superior, the Defendant Company is vicariously liable for acts herein alleged against those employees. Alternatively, the acts of

7

the aforementioned employees may not have been within the scope of their employment. Plaintiff alleges that the employer remains liable for its negligent retention of those employees.

25. The Plaintiff contends that the Defendant Company, by and through its agents, specifically Lowery, negligently engaged in conduct and it was reasonably foreseeable that such conduct would cause her to suffer emotional distress.

26. The Plaintiff further contends that the Defendant Company, by and through its agents, specifically Lowery, acted with reckless indifference to her constitutional and statutory right to work in an environment free from sexual harassment. Further, the Defendant Company, by and through its agents, engaged in reckless conduct and it was reasonably foreseeable that such conduct would cause her to suffer severe emotional distress.

27. The Plaintiff contends that Defendant Company, by and through its agents, specifically Lowery, engaged in willful and wanton conduct which was atrocious and utterly intolerable. Further, that the Defendants' conduct was extreme and outrageous, exceeding all bounds of decency. Further, that the Defendants' conduct was intended to cause the Plaintiff to suffer severe emotional distress and, in fact, did cause the Plaintiff to suffer severe emotional distress as set out herein. The Plaintiff further contends that Lowery's sexually harassing conduct as set out herein is the conduct which she contends was willful, wanton, intolerable, extreme, outrageous, and exceeding all bounds of decency.

## COUNT ONE

The Defendant is liable to the Plaintiff for retaliating against her in violation of Title VII for opposing practices made unlawful pursuant to Title VII of the Civil Rights Act of 1964, and as amended in 1991.

## COUNT TWO

The Defendant is liable to the Plaintiff for disparate treatment due to gender discrimination and for subjecting her to sexual harassment, including a Hostile Work Environment, in violation of Title VII.

## COUNT THREE

The Defendant is liable to the Plaintiff for the Negligent Infliction of Emotional Distress.

## COUNT FOUR

The Defendant is liable to the Plaintiff for the Intentional Infliction of Emotional Distress.

## COUNT FIVE

The Defendant Company is liable to the Plaintiff for the Negligent Supervision and Retention of Superintendent Tommy Lowery.

WHEREFORE, plaintiff prays the Court that it:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of plaintiff's rights;

2. Permanently enjoin the defendant from engaging in said unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

3. Award plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees and the costs and disbursements of this action;

4. Award plaintiff punitive damages;

5. Award plaintiff backpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

6. Grant plaintiff a jury trial on all issues of fact, and;

7. Grant such other relief as may be just and proper.

This the 28th day of August, 2013.

GRAY NEWELL, LLP.

BY: /s/ Angela Gray
     Angela Newell Gray
     7 Corporate Center Court, Suite B
     Greensboro, NC  27408
     Telephone:   (336) 724-0330
     Facsimile:   (336) 458-9359
     Email:   angela@graynewell.com
     *Attorney for Plaintiff*
     NC Bar # 21006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:13-cv-145-F

| | | |
|---|---|---|
| Lisa Cooper, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | <u>*Certificate of Service*</u> |
| | ) | |
| The Smithfield Packing Company, Inc., | ) | |
|     *Defendant*. | ) | |

    I, Angela Newell Gray, Attorney for the Plaintiff, do hereby certify that I served the foregoing Plaintiff's Amended Complaint upon counsel for the Defendant shown below by electronically filing the same with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorney of record;

Melissa A. Romanzo
Hunton & Williams LLP
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
mromanzo@hunton.com

This the 28th day of August, 2013.

    <u>/s/ Angela Gray</u>
    Angela Newell Gray
    Gray Newell, LLP
    7 Corporate Center Court, Suite B
    Greensboro, NC 27408
    Tel:    (336) 724-0330
    Fax:    (336) 458-9359
    Email: angela@graynewell.com
    NC State Bar #21006