IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-00145-F

| | | |
|---|---|---|
| LISA COOPER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE SMITHFIELD PACKING COMPANY, INC.[1], | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss the Complaint [DE-7] and Defendant's Motion to Dismiss the Amended Complaint [DE-14]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, Defendant's Motion to Dismiss the Complaint is DENIED as moot. Additionally, Defendant's Motion to Dismiss the Amended Complaint is ALLOWED to the extent that Plaintiff's claim for sexual harassment based on a hostile work environment is DISMISSED without prejudice, and the remainder of Plaintiff's claims are DISMISSED with prejudice.[2]

## I. STATEMENT OF THE CASE

On July 11, 2013, Plaintiff filed her Complaint, asserting that she was entitled to relief on five bases. Complaint [DE-1 at pp. 7-8]. Defendant responded by filing a Motion to Dismiss the

---

[1] According to Defendant, it has been inaccurately identified by Plaintiff. [DE-14 at p.1 n.1.] Defendant asserts that its correct name is "The Smithfield Packing Company, Incorporated." *Id.*

[2] Defendant has moved to dismiss all claims *with* prejudice. As noted below, however, the court believes that Plaintiff's claim for sexual harassment based on a hostile work environment should be dismissed *without* prejudice.

Complaint. [DE-7.] Plaintiff filed an Opposition [DE-13] and the Amended Complaint [DE-12]. In her Amended Complaint, Plaintiff has alleged the following:

> Count One: The Defendant is liable to the Plaintiff for retaliating against her in violation of Title VII for opposing practices made unlawful pursuant to Title VII of the Civil Rights Act of 1964, and as amended in 1991.
>
> Count Two: The Defendant is liable to the Plaintiff for disparate treatment due to gender discrimination and for subjecting her to sexual harassment, including a Hostile Work Environment, in violation of Title VII.
>
> Count Three: The Defendant is liable to the Plaintiff for the Negligent Infliction of Emotional Distress.
>
> Count Four: The Defendant is liable to the Plaintiff for the Intentional Infliction of Emotional Distress.
>
> Count Five: The Defendant Company is liable to the Plaintiff for the Negligent Supervision and Retention of Superintendent Tommy Lowery.

Amended Complaint [DE-12 at p. 9.] Defendant filed its Motion to Dismiss the Amended Complaint [DE-14]. Plaintiff filed an Opposition [DE-16], to which Defendant filed a Reply [DE-17].

## II. STATEMENT OF THE FACTS

The facts, as alleged by Plaintiff, are as follows: Plaintiff was employed by Defendant from December of 1995, until she was forced to resign on July 19, 2011. Am. Compl. ¶¶ 9, 17. Plaintiff is an African American female who resides in Robeson County, North Carolina. *Id.* ¶¶ 5, 13. Defendant is a company which employs more than 10,000 people throughout the nation and operates in the production, processing and distribution of food and related products. *Id.* ¶ 7.

Superintendent Tommy Lowery (hereafter "Lowery") subjected Plaintiff to sexual harassment and disparate treatment on the basis of her gender. *Id.* ¶¶ 10, 11. Plaintiff

2

complained directly to Lowery about his behavior. *Id.* ¶ 15. Plaintiff also complained verbally to other co-workers and Lowery's supervisor. *Id.* In approximately April of 2011, Plaintiff complained about Lowery's conduct to Human Resources Manager Jamie Pope. Am. Compl. ¶ 15.

In approximately March of 2011, Plaintiff requested a transfer to another department or city in an effort to get away from Lowery. *Id.* ¶ 14. Plaintiff was advised that there were no vacancies to facilitate the requested transfer. *Id.*

On July 18, 2011, Plaintiff made a written complaint to Human Resources. *Id.* ¶ 15. Human Resources failed to conduct an investigation in response to her complaints and did not contact the witnesses she provided. *Id.*

In July of 2011, Plaintiff called the Employee Assistance Program (EAP) to get emotional support and treatment for the distress she was experiencing as a result of Lowery's conduct. *Id.* ¶ 16. Thereafter, Plaintiff's working conditions became so intolerable that she was forced to resign to escape the harassment and address her mental health. Am. Compl. ¶ 17.

On or about December 21, 2011, Plaintiff submitted a timely charge of discrimination to the Equal Employment Opportunity Commission, on the bases of retaliation and sexual discrimination. *Id.* ¶ 4. The Department of Justice mailed Plaintiff a notice of right to sue letter on or about April 19, 2013. *Id.*

### III. DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the sufficiency of the allegations in the complaint. A Rule 12(b)(6) motion determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the

3

merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Nor does the court accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

## A. Motion to Dismiss the Amended Complaint

### 1. Retaliation claim

Plaintiff has alleged retaliation in violation of Title VII in Count One of her Amended Complaint. Under Title VII "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation, the plaintiff must allege the following: (1) she engaged in a protected activity, (2) an adverse action was taken against her, and (3) a causal link exists between the protected activity and the adverse action. *Tate v. Mail*

4

*Contractors of America, Inc.*, 3:10-CV-528, 2011 WL 1380016, at *5 (W.D.N.C. April 12, 2011) (citing *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)).

Plaintiff alleges that she was retaliated against in the following respects: her complaints regarding Lowery's conduct were disregarded, Lowery was permitted to continue to harass her, she or Lowery were not transferred to another department, Lowery's conduct was ratified, Lowery was allowed to continue to supervise her, her claims of sexual harassment against Lowery were not investigated, and her concerns that Lowery's conduct was affecting her and her ability to work under his supervision were disregarded. Am. Compl. ¶ 17. Plaintiff concludes that the above-stated were a "concerted effort" to get her to quit. *Id.*

In sum, Plaintiff's allegations are that Defendant did not act in response to her complaints. Under the alleged circumstances, the court finds that this inaction is not sufficient to suggest that Defendant engaged in any retaliatory act. *See Robinson v. G.E. Avaition*, No. 7:10-CV-00240-BR, 2012 WL 607559, at *2 (E.D.N.C. Feb. 24, 2012) (holding that "inaction" does not amount to a Title VII retaliatory act). Accordingly, Plaintiff's retaliation claim will be dismissed.

### 2. Discrimination Under Title VII Claim

#### a. Disparate treatment claim

In Count Two of her Amended Complaint, Plaintiff alleges that she was subjected to disparate treatment on the basis of her gender in violation of Title VII. Title VII makes it "an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

5

sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff pleading a claim of disparate treatment does not need to establish a *prima facie* case under *McDonnell Douglas* to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002). A plaintiff must, however, plead facts sufficient to state each element of the asserted claim. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). In the absence of direct evidence, in order to state a claim for disparate treatment, a plaintiff must show: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) similarly situated employees outside her protected class were treated more favorably. *Lawrence v. Global Linguist Solutions LLC*, No. 1:13cv1207, 2013 WL 6729266, at *3 (E.D.Va. Dec. 19, 2013) (citing *Prince-Garrison v. Md. Dept. of Health and Mental Hygiene*, 317 Fed. Appx. 351, 353 (4th Cir. 2009)).

In her Amended Complaint, Plaintiff alleges "that Lowery did not engage in the aforementioned acts with any of the male employees." Am. Compl. ¶ 11. Also, Plaintiff alleges "that Lowery did not make derogatory remarks to the male employees about their wives regardless of race." *Id.* ¶ 13.

Plaintiff's allegations that she was treated differently than the "male employees" do not suggest that she was treated differently than "similarly situated employees." Thus, Plaintiff has not plead facts sufficient to state each element of her disparate treatment claim. For this reason, Plaintiff's disparate treatment claim must be dismissed.

### b. Sexual harassment based on a hostile work environment claim

6

In Count Two, Plaintiff has also alleged sexual harassment, including a hostile work environment, in violation of Title VII. Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Title VII is violated "'[w]hen the workplace is permeated with discriminatory [sex-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ocheltree v. Scollon Productions, Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted)). In order to prove a claim for hostile work environment due to sexual harassment, the plaintiff must show that: "(1) the conduct was unwelcome; (2) it was based on the plaintiff's sex; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." *Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 354 (4th Cir. 2013).

In this case, the court finds that Plaintiff's Amended Complaint is deficient. Specifically, the Amended Complaint is essentially devoid of facts to support the alleged sexual harassment, and in addition, Plaintiff's allegations are substantially conclusory in nature. For example, Plaintiff alleges that the sexual harassment she received mostly consisted of "sexually explicit comments." Am. Compl. ¶ 10. However, this bare allegation fails to indicate what specifically was said to Plaintiff. Also, Plaintiff alleges that there was "inappropriate sexual contact." *Id.* Again, Plaintiff's allegations are insufficient. Specifically, they fail to indicate how Plaintiff was

7

Case 7:13-cv-00145-F Document 18 Filed 02/27/14 Page 7 of 13

touched so that a determination can be made regarding whether the touch was unwelcome and occurred on the basis of her gender.

With respect to this claim, however, the court finds that it should be dismissed *without prejudice*, on the basis that it is possible that Plaintiff could allege facts sufficient to present a claim for sexual harassment based on a hostile work environment.[3] *See Hinks v. Board of Educ. of Hartford County*, No. WDQ-09-1672, 2010 WL 5087598, at *2 (D.Md. Dec. 7, 2010) (dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim). In light of the foregoing, Plaintiff's claim of sexual harassment based on a hostile work environment is dismissed without prejudice to Plaintiff to file a Second Amended Complaint within twenty-one days of the filing of this Order. If Plaintiff fails to file a Second Amended Complaint within this time period, the court will, without further notice, issue an order dismissing this case with prejudice. If, on the other hand, Plaintiff does file a Second Amended Complaint within that time period, Defendant may file an answer or other responsive pleading within the time period allowed by the Federal Rules of Civil Procedure and this court's Local Rules.

### 3. Negligent Infliction of Emotional Distress "NIED" Claim

Plaintiff alleges NIED in Count Three of her Amended Complaint. A claim for NIED requires the plaintiff to establish: 1) the defendant negligently engaged in conduct, 2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress, and

---

[3] The court has discretion to grant a motion to dismiss with or without prejudice. *Felder v. Buonassissi, Henning & Lash, PC*, No. PJM 13-741, 2013 WL 5550947, at *3 (D.Md. Oct. 4, 2013) (citing *Hinks v. Board of Educ. of Hartford County*, No. WDQ-09-1672, 2010 WL 5087598, at *2 (D.Md. Dec. 7, 2010)).

8

3) the conduct did in fact cause the plaintiff severe emotional distress. *Lingle v. Pain Relief Centers, P.A.*, No. 5:11-cv-168, 2013 WL 6732120, at *11 (W.D.N.C. Dec. 19, 2013).

In this case, Plaintiff concedes as follows: "[T]he Plaintiff's claim of negligent infliction of emotional distress is based on the *intentional* behavior of Lowery." Pl's Memo. in Oppos. to Def's Motion to Dismiss Pl's Am. Compl., p. 21 (emphasis added). Based on this concession, it is clear that Plaintiff's claim for NIED is premised upon *intentional* conduct, and as such, it must fail. *See Barbier v. Durham County Bd. of Educ.*, 225 F.Supp.2d 617, 631 (M.D.N.C. 2002) (plaintiff's NIED claim dismissed where the complaint consisted "solely of allegations of intentional sexual harassment and not negligent acts"). Accordingly, Plaintiff's NIED claim is dismissed.

### 4. Intentional Infliction of Emotional Distress "IIED" Claim

In Count Four of her Amended Complaint, Plaintiff alleges IIED. In North Carolina, the elements of IIED are: 1) extreme and outrageous conduct by the defendant, 2) which is intended to cause and does in fact cause 3) severe emotional distress on behalf of the plaintiff. *Lingle*, 2013 WL 6732120, at *10 (citing *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992)). In order for a defendant's conduct to be "extreme and outrageous" it must "'be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Costin v. Ally Bank Corp.*, No. 7:13-CV-113-BO, 2014 WL 130527, at *2 (E.D.N.C. Jan. 13, 2014) (quoting *Stamper v. Charlotte-Mecklenburg Bd. of Educ.*, 143 N.C. App. 172, 175, 544 S.E.2d 818, 820 (2001) (citations omitted)). The determination as to whether behavior is "extreme and

outrageous" is a question of law. *Id.* Moreover, in the employment context, it is an "'extremely rigorous standard.'" *Moody-Williams v. LipoScience*, No. 5:12-CV-104-FL, 2013 WL 3064010, at *4 (E.D.N.C. June 18, 2013) (quoting *Thomas v. Northern Telecom*, 157 F.Supp.2d 627, 635 (W.D.N.C. 2000)).

In support of her claim that she was subjected to "extreme and outrageous" behavior, Plaintiff references the following recitation from her Amended Complaint:

> The Plaintiff contends that beginning in January 2007 and extending through December 31, 2007, she was subjected to sexual harassment on more than twenty (20) occasions by Superintendent Tommy Lowery which mostly consisted of sexually explicit comments. The plaintiff further contends that over the years of 2008, 2009 and 2010, the harassment continued on at least a monthly basis. However, beginning in January, 2011 the harassment worsened and included, but was not limited to, sexually explicit statements made to her, sexual advances made toward her, inappropriate sexual contact and making continuous physical and emotional threats to the Plaintiff.

Pl's Memo. in Oppos. to Def's Motion to Dismiss Pl's Am. Compl., pp. 18-19 (quoting Am. Compl. ¶ 10).

The court finds that the alleged conduct does not qualify as "extreme and outrageous" on the basis that instances of sexual harassment arguably more outrageous than what Plaintiff has alleged have been found insufficiently "extreme and outrageous." *See, e.g., Ortiz v. Big Bear Events, LLC*, No. 3:12-cv-341-RJC-DCK, 2013 WL 247444, at *4 (W.D.N.C. Jan. 23, 2013) (when there was inappropriate touching, offensive comments, exposure to pornography and retaliation for seeking legal advice it was not sufficiently extreme to constitute "outrageous" conduct); *Smith v. Computer Task Group, Inc.*, 568 F.Supp.2d 603, 622 (M.D.N.C. 2008) (when employer allegedly intentionally terminated plaintiff's employment, health benefits, and workers'

10

compensation benefits there was no extreme or outrageous conduct ); *Atkins v. USF Dugan, Inc.*, 106 F.Supp.2d 799, 810-11 (M.D.N.C. 1999) (when employee in poor health was told he was "too old and sick" to handle his job and was allegedly terminated in violation of federal and state discrimination laws the conduct was not extreme or outrageous ); *Pardasani v. Rack Room Shoes Inc.*, 912 F.Supp. 187, 192 (M.D.N.C. 1996) (when plaintiff alleged he was given poor performance evaluations, denied promotions given to others, excluded from training, and ultimately terminated the conduct was not extreme and outrageous). In short, the court finds that Plaintiff has failed to allege "extreme and outrageous" conduct. Accordingly, Plaintiff's IIED claim will be dismissed.

### 5. Negligent Retention and Supervision Claim

In Count Five of her Amended Complaint, her final claim, Plaintiff alleges she is entitled to relief for Defendant's negligent retention and supervision of Lowery. For a plaintiff to establish a negligent retention and supervision claim in North Carolina, she must allege the following: (1) an incompetent employee committed a tortious act resulting in injury to the plaintiff, and (2) prior to the tortious act, the employer knew or had reason to know of the employee's incompetency. *Phillips v. Sheetz, Inc.*, No. 5:11-cv-00090-RLV-DSC, 2013 WL 5567423, at *2 (W.D.N.C. Oct. 9, 2013) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 250 (4th Cir. 2000)).

In support of her claim for negligent retention and supervision, Plaintiff alleges that "other employees, Supervisors and Human Resource Managers were aware of the ongoing sexual harassment and other sexually inappropriate workplace behaviors of Lowery; yet they did

11

nothing to stop them." Pl's Memo. in Oppos. to Def's Motion to Dismiss Plaintiff's Am.

Compl., p. 21-22 (quoting Am. Compl. ¶ 20). Plaintiff further alleges:

> Based upon information and belief, the plaintiff contends that Lowery engaged in sexually inappropriate and harassing behavior with other female employees of the defendant company between 2008 and July 2011. Further, the plaintiff contends that the defendant company is aware of the previous illegal and unethical conduct of Lowery, but failed to properly supervise him. Moreover, the Defendant Company continued to retain defendant Lowery in spite of his known previous illegal and unethical conduct.

*Id.* at p. 22 (quoting Am. Compl. ¶ 21).

A common-law tort must underlie a negligent retention and supervision claim. *Johnston v. Leith, Inc.*, No. 5:10-CV-547-FL, 2011 WL 1770434, at *7 (E.D.N.C. May 9, 2011) (citing *McLean v. Patten Communities, Inc.*, 332 F.3d 714, 719 (4th Cir. 2003); *Jackson v. FKI Logistex*, 608 F.Supp.2d 705, 708 (E.D.N.C. 2009)). Thus, Plaintiff's allegations that Lowery sexually harassed her fail to state a claim for a common law tort in North Carolina. *See McLean, Inc.*, 332 F.3d at 719 (holding that harassment and retaliation are not common law torts in North Carolina). For this reason, Plaintiff's negligent retention and supervision claim must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint [DE-7] is DENIED as moot. Further, Defendant's Motion to Dismiss the Amended Complaint [DE-14] is ALLOWED as follows: Plaintiff's claim for sexual harassment based on a hostile work environment is DISMISSED without prejudice to Plaintiff to file a Second Amended Complaint within twenty-one days of the filing of this Order, and the remainder of Plaintiff's claims are DISMISSED with prejudice. If Plaintiff fails to file a Second Amended Complaint, the court

will, without further notice, issue an order dismissing this case with prejudice. If, on the other hand, Plaintiff does file a Second Amended Complaint, Defendant may file an answer or other responsive pleading within the time period allowed by the Federal Rules of Civil Procedure and this court's Local Rules.

SO ORDERED.

This, the 27 day of February, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

13