IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-00145-F

| | |
|---|---|
| LISA COOPER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   <u>O R D E R</u> |
| | ) |
| THE SMITHFIELD PACKING | ) |
| COMPANY, INC.[1], | ) |
|     Defendant. | ) |

This matter is before the court on Smithfield's motion to strike portions of Cooper's amended complaint [DE-22]. In its February 27, 2014 Order [DE-18], the court dismissed the majority of Cooper's employment discrimination and tort claims with prejudice. However, the court dismissed her Title VII sexual harassment claim without prejudice and provided Cooper an opportunity to file an amended complaint with respect to that claim. Cooper timely complied, but the amended complaint simply deleted the claims the court dismissed with prejudice. The entire factual background section of the original complaint remains unchanged in the amended complaint. Cooper moves to strike all factual allegations in the second amended complaint that are not relevant to the sexual harassment claim. The motion is ALLOWED.

Rule 12(f) of the Federal Rules of Civil Procedure provides in part that "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" matter is that which has "no essential or important relationship to the claim for relief." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d

---

[1] According to Defendant, it has been inaccurately identified by Plaintiff. [DE-14 at p.1 n.1.] Defendant asserts that its correct name is "The Smithfield Packing Company, Incorporated." *Id.*

434, 437 (S.D.N.Y. 2005) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Cooper's loan remaining claim is for sexual harassment under Title VII. In order to properly allege a claim for hostile work environment due to sexual harassment, the plaintiff must allege that: "(1) the conduct was unwelcome; (2) it was based on the plaintiff's sex; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." *Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 354 (4th Cir. 2013).

The court has reviewed the factual allegations that Smithfield wishes to strike, and the court agrees that they are not relevant to Cooper's sexual harassment claim. Moreover, Cooper's one-page substantive response to Smithfield's argument fails to address, in any meaningful sense, Smithfield's arguments regarding why these allegations are not relevant. All Cooper does is cite the elements of a sexual harassment claim and then lists the numbered paragraphs that she believes support the elements of the claim. As Smithfield explains, however, the allegations highlighted in its motion have nothing whatsoever to do with a sexual harassment claim. For example, Cooper argues the allegation "Plaintiff contends Lowery would make derogatory comments about Plaintiff's spouse because Plaintiff's spouse is Caucasian and Plaintiff is African American" supports her claim that the harassment she allegedly experienced was "based on her gender." This simply does not make any sense. The court interprets Cooper's failure to meaningfully respond to Smithfield's motion as a waiver of her opposition to the motion to strike. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are

represented by counsel, and we have warned that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived.").

The motion to strike [DE-22] is ALLOWED. Cooper has fourteen days to excise the statements in her complaint Smithfield highlighted in bold in its memorandum [DE-23] and file an amended complaint. Cooper is DIRECTED not to make any changes to the complaint other than deleting those portions Smithfield highlighted in the motion. Smithfield may then file an answer or other responsive pleading within the time period allowed by the Federal Rules of Civil Procedure.

SO ORDERED.

This, the 28' day of August, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge