IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-00145-F

| | |
|---|---|
| LISA COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| THE SMITHFIELD PACKING COMPANY, ) | |
| INC.,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [DE-29]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the motion is ALLOWED IN PART and DENIED IN PART.

## I.  PROCEDURAL HISTORY

On July 11, 2013, the plaintiff filed her Complaint [DE-1], asserting claims based on workplace sexual harassment. Since that time, the defendant has filed various motions to dismiss, including the present motion to dismiss, and a motion to strike. *See* Defendant's Motion to Dismiss Plaintiff's Complaint [DE-7]; Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE-14]; Defendant's Motion to Strike Plaintiff's Second Amended Complaint [DE-22]; Def.'s Mot. Dismiss Pl.'s Third Am. Compl. [DE-29]. Those motions have been allowed in varying degrees, leading to the plaintiff's Third Amended Complaint [DE-28], which the defendant now moves to dismiss.

---

[1] The court recognizes the defendant's statement that its name has changed to the Smithfield Farmland Corp.

## II. FACTUAL ALLEGATIONS

The allegations of the Third Amended Complaint ("TAC"), which the court must accept as true for purposes of this motion, show a pervasive pattern of the plaintiff's supervisor, Tommy Lowery, sexually harassing the plaintiff. *See* TAC [DE-28] ¶¶ 9-22, 24. As a result of this pattern of sexual harassment, the plaintiff attempted to transfer to another department, but "was told that there were no vacancies to facilitate the transfer." *Id.* ¶ 23. The plaintiff further alleges that she provided her human resources department with details of the sexual harassment, names of witnesses, and a written complaint, but that no investigation was conducted and that her witnesses were not contacted. *Id.* ¶ 24. Eventually, the plaintiff felt she had no choice but to end her employment with the defendant so as to "escape the harassment and address her mental health." *Id.* ¶ 26.

The court notes several allegations[2] that will be particularly relevant to the present motion to dismiss:

> 12. The Plaintiff contends that during this period of time Lowery asked her on a regular basis, at least once per week, to have sexual intercourse with him. Each time the plaintiff rejected Lowery's advances, Lowery stated that he would kill the plaintiff for refusing to have sexual intercourse with him.
>
> 13. . . . Lowery told [the plaintiff] on a daily basis that he was watching her at all times, having sexual fantasies about engaging in sexual intercourse with her. The plaintiff further contends that Lowery asked her if he could come to her house for the purpose of engaging in sexual intercourse on a regular, almost daily basis.
>
> 14. The Plaintiff further contends that Lowery asked one of the plaintiff's male co-workers if he had engaged in sexual intercourse with her, and he also asked whether the male co-worker knew if the plaintiff had sexual intercourse with any men other than her husband.
>
> 16. The Plaintiff contends that in 2011 Lowery would ask her to describe to him the manner in which she engaged in sexual intercourse with her husband. . . .

---

[2] These allegations are numbered with their paragraph numbers from the TAC.

17. The Plaintiff contends that in approximately January 2011, Lowery began relentlessly pursuing her for an intimate relationship, and either explicitly or implicitly implied that her submission to his demands was a condition of continued employment with the defendant company.

18. The Plaintiff contends that Lowery told her in 2011 that if she did not have sexual intercourse with him, he would fire her and he would kill her.

19. The Plaintiff contends that in approximately March 2011, Lowery berated the Plaintiff's spouse to the Plaintiff on a regular basis.

26. ... The Plaintiff further contends that Lowery threatened to kill her if she continued to report him to upper management. ...

Those particular allegations show multiple instances of Lowery (1) inquiring about the plaintiff's husband and her intimate relationship with her husband; and (2) requiring *quid-pro-quo* from the plaintiff; i.e., threatening the plaintiff's life or job security if she were to refuse sexual intercourse with him.

The court will later evaluate the aforementioned allegations in light of the plaintiff's Charge of Discrimination [DE-30-1] (the "Charge"). In the Charge, the plaintiff states the she was the victim of "constant sexual harassment" from Lowery while employed by the defendant. *Id.* at 1. She further states that Lowery "would frequently tell [her] that he wanted to be with [her] and that he loved [her];" that he would "brush up against [her] sexually;" and that he had "power over [her] in that he ran the office and would do as he pleased." *Id.* Additionally, she states the she believed she was "the victim of retaliation because [she] reported the sexual harassment and therefore [was] not allowed to transfer out of [the] department." *Id.*

### III. DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the

court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (second alteration in original). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## A. Certain portions of the plaintiff's TAC fall outside the EEOC charge and must be stricken from the TAC.

Before filing suit for discrimination claims under Title VII, a plaintiff must first exhaust his or her administrative remedies. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Exhausting those administrative remedies requires that the plaintiff first file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *See id.* If the charge meets the necessary requirements and the "EEOC finds reasonable cause to believe the allegations are true," then the EEOC will attempt to resolve the discriminatory situation. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 508-09 (4th Cir. 2005). When a resolution cannot be reached through this process, the plaintiff is then allowed to bring suit. *See id.* at 509.

The charge remains relevant even after the plaintiff has brought suit: any Title VII claims that exceed the scope of the charge are procedurally barred. *Dennis v. Cnty. of Fairfax*, 55 F.3d

151, 156 (4th Cir. 1995). That is, the allegations of the charge act to limit the scope of a subsequent complaint. *See Chacko*, 429 F.3d at 509. "At the same time, however, lawyers do not typically complete the administrative charges, and so courts construe them liberally." *Id.* Thus, the court must look to the plaintiff's Charge and determine which of the TAC's allegations, if any, fall outside the scope of the Charge. Any such allegations must be stricken from the TAC.

In the Charge, the plaintiff states the she was the victim of "constant sexual harassment" from Lowery while employed by the defendant. [DE-30-1] at 1. She further states that Lowery "would frequently tell [her] that he wanted to be with [her] and that he loved [her];" that he would "brush up against [her] sexually;" and that he had "power over [her] in that he ran the office and would do as he pleased." *Id.* Additionally, she states the she believed she was "the victim of retaliation because [she] reported the sexual harassment and therefore [was] not allowed to transfer out of [the] department." *Id.* These allegations provide the scope within which the Complaint's allegations must fall. *See Chacko*, 429 F.3d at 509.

Nowhere in the Charge does the plaintiff allege anything remotely indicating that Lowery threatened to kill her should she not acquiesce to his sexual demands. The plaintiff's allegation that Lowery "had power over [her] in that he ran the office and would do as he pleased," is insufficient, even when construed broadly, to support an allegation of a mortal *quid-pro-quo* requirement. Charge [DE-30-1] at 1. The plaintiff's allegations that Lowery had power over her in the office would at most implicate the possibility of her job being at risk. However, nowhere in the Charge or the TAC does she allege that she acquiesced to Lowery's threats, which would be a requirement of a *quid-pro-quo* arrangement. Any allegations that Lowery threatened her life, that he was watching her on a daily basis, or that he threatened her employment must be stricken from the TAC because they fall outside the scope of the Charge.

While the Charge does not allege anything regarding Lowery's comments about the plaintiff's husband, the court liberally construes the Charge's allegations of "constant sexual harassment" to include such comments. This does not include, however, comments made exclusively about the plaintiff's husband separate and apart from the sexual harassment. *See* TAC [DE-28] ¶ 19.

The court has reviewed the TAC and holds that the following allegations or portions of allegations must be stricken from the TAC:

> 12.   . . . Each time the plaintiff rejected Lowery's advances, Lowery stated that he would kill the plaintiff for refusing to have sexual intercourse with him.
>
> 13.   . . . Lowery told [the plaintiff] on a daily basis that he was watching her at all times . . . .
>
> 17.   The Plaintiff contends that in approximately January 2011, Lowery began relentlessly pursuing her for an intimate relationship, and either explicitly or implicitly implied that her submission to his demands was a condition of continued employment with the defendant company.
>
> 18.   The Plaintiff contends that Lowery told her in 2011 that if she did not have sexual intercourse with him, he would fire her and he would kill her.
>
> 19.   The Plaintiff contends that in approximately March 2011, Lowery berated the Plaintiff's spouse to the Plaintiff on a regular basis.
>
> 26.   . . . The Plaintiff further contends that Lowery threatened to kill her if she continued to report him to upper management. . . .

The court will consider the Defendant's Motion to Dismiss the Plaintiff's TAC [DE-29] without considering those portions of the TAC. The plaintiff is DIRECTED to file a new complaint with those portions omitted from the new complaint.

**B.    The remaining portions of the plaintiff's TAC are sufficient to support her claim of sexual harassment based on a hostile work environment.**

In Count Two, the plaintiff has alleged sexual harassment, including a hostile work environment, in violation of Title VII. Under Title VII, it is unlawful for an employer "to

discriminate against any individual with respect to [her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(l). Title VII is violated " [w]hen the workplace is permeated with discriminatory [sex-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (alterations in original) (internal quotation marks omitted) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993)). In order to prove a claim for hostile work environment due to sexual harassment, the plaintiff must show that: "(1) the conduct was unwelcome; (2) it was based on the plaintiff's sex; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." *Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 354 (4th Cir. 2013).

In this case, even omitting the allegations described above, the court finds that TAC is sufficient to state a claim for sexual harassment, including a hostile work environment. The TAC now contains sufficient detail to support the alleged sexual harassment. The court had previous concerns about the plaintiff's Amended Complaint, notably that the alleged sexual harassment mostly consisted of "sexually explicit comments" without further elaboration. However, those concerns have been resolved. The TAC sufficiently alleges (1) that Lowery's "conduct was unwelcome;" (2) that it was based on the plaintiff's gender; (3) that Lowery's comments and actions were "sufficiently sever or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment;" and (4) that the defendant employer was aware of Lowery's actions and did little, if anything, to investigate and nothing to remedy the situation. *See Crockett*, 717 F.3d at 354.

7
Case 7:13-cv-00145-F   Document 33   Filed 08/14/15   Page 7 of 8

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Plaintiff's TAC [DE-29] is ALLOWED IN PART and DENIED IN PART. The plaintiff is DIRECTED to file a new complaint with only the following allegations or allegation portions removed:

12. . . . Each time the plaintiff rejected Lowery's advances, Lowery stated that he would kill the plaintiff for refusing to have sexual intercourse with him.

13. . . . Lowery told [the plaintiff] on a daily basis that he was watching her at all times . . . .

17. The Plaintiff contends that in approximately January 2011, Lowery began relentlessly pursuing her for an intimate relationship, and either explicitly or implicitly implied that her submission to his demands was a condition of continued employment with the defendant company.

18. The Plaintiff contends that Lowery told her in 2011 that if she did not have sexual intercourse with him, he would fire her and he would kill her.

19. The Plaintiff contends that in approximately March 2011, Lowery berated the Plaintiff's spouse to the Plaintiff on a regular basis.

26. . . . The Plaintiff further contends that Lowery threatened to kill her if she continued to report him to upper management. . . .

In all other respects, the Defendant's Motion to Dismiss Plaintiff's TAC [DE-29] is DENIED.

The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This, the /4th day of August, 2015.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge