UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:13-cv-145-F

| | |
|---|---|
| LISA COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE SMITHFIELD PACKING | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT**

COMES NOW Defendant, Smithfield Farmland Corp.[1] ("Defendant" or "Smithfield") hereby responds to the numbered allegations of the Fourth Amended Complaint filed by Plaintiff Lisa Cooper ("Plaintiff" or "Cooper") as follows:

1. Defendant admits that this action is brought by a female citizen of Roberson County, North Carolina, and that Plaintiff is seeking declaratory relief and damages for alleged discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, but denies any allegation, express or implied, contained in paragraph 1 of the Fourth Amended Complaint, and denies that Plaintiff is entitled to any relief or that Defendant has engaged in any unlawful conduct.

---

[1] Plaintiff's pleading incorrectly identifies Defendant as "The Smithfield Packing Company, Inc." On April 28, 2014, Defendant, The Smithfield Packing Company, Incorporated, merged with Farmland Foods, Inc. The name of the merged corporation, which is now reflected in the initial paragraph, is "Smithfield Farmland Corp."

1

2. Defendant admits that jurisdiction over this matter is properly vested in this Court, but denies any allegation, express or implied, contained in paragraph 2 of the Fourth Amended Complaint that Plaintiff is entitled to any remedy or relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, or under 42 U.S.C. § 1981, as a result of any conduct by Defendant.

3. Defendant admits that jurisdiction over this matter is properly vested in this Court, but denies any allegation, express or implied, contained in paragraph 3 of the Fourth Amended Complaint that defendant has committed any illegal act in violation of the rights secured to Plaintiff under federal law.

4. For the reasons set forth in its motion to dismiss Plaintiff's Third Amended Complaint, and the supporting memoranda of law, Defendant denies the allegations contained in paragraph 4 of the Fourth Amended Complaint and its subparts.

5. Defendant admits the allegations contained in paragraph 5 of the Fourth Amended Complaint.

6. Defendant denies the commission of any unlawful practices alleged by Plaintiff and, as a result, denies the allegations contained in paragraph 6 of the Fourth Amended Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Fourth Amended Complaint.

8. Defendant admits that Plaintiff began her employment with Defendant in December of 1995, and that she last held the position of Supervisor. Defendant denies the remaining allegations contained in paragraph 8 of the Fourth Amended Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Fourth Amended Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Fourth Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Fourth Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Fourth Amended Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Fourth Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Fourth Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Fourth Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Fourth Amended Complaint.

17-19. Paragraphs 17-19 of the Fourth Amended Complaint were deleted by Plaintiff in compliance with this Court's Order [DE33] dated August 14, 2015, and require no substantive response from Defendant.

20. Defendant denies the allegations contained in paragraph 20 of the Fourth Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Fourth Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Fourth Amended Complaint.

23. Defendant admits that Plaintiff requested a job transfer on or about July 18, 2011, but denies the remaining allegations contained in paragraph 23 of the Fourth Amended Complaint.

24. Defendant admits that on or about July 18, 2011, Plaintiff notified Jamie Pope she believed Tommy Lowery behaved inappropriately towards her. Further answering, Defendant states that Plaintiff indicated she intended to voluntarily resign her employment that same day. Defendant denies the remaining allegations contained in paragraph 24 of the Fourth Amended Complaint.

25. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Fourth Amended Complaint and, thus, denies those allegations.

26. Defendant admits that Plaintiff voluntarily resigned her employment on or about July 19, 2011. Defendant denies the remaining allegations contained in paragraph 26 of the Fourth Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Fourth Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Fourth Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Fourth Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Fourth Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Fourth Amended Complaint.

32. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Fourth Amended Complaint and, thus, denies those allegations.

33. Defendant denies the allegations contained in paragraph 33 of the Fourth Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Fourth Amended Complaint.

Defendant denies the allegations contained in Count Two following paragraph 34 of the Fourth Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph following Count Two[2] of the Fourth Amended Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

Unless expressly admitted herein, Defendant denies the allegations and relief requested in the Fourth Amended Complaint.

## FIRST DEFENSE

The Fourth Amended Complaint fails to state a claim against Defendant upon which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

---

[2] Plaintiff's Fourth Amended Complaint contains no other counts or causes of action.

§ 2000e et seq. (hereinafter "Title VII"), because Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's gender.

## SECOND DEFENSE

The Fourth Amended Complaint improperly alleges facts and claims not presented in the administrative proceedings from which Plaintiff's claim arises.

## THIRD DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated and enforced a clear policy against harassment establishing reasonable and effective means of reporting and seeking relief from conduct believed to be harassing and because Defendant acted in accordance with this policy at all times.

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant exercised reasonable care to prevent the type of misconduct alleged in the Complaint and took prompt remedial action to stop and/or correct any such conduct.

## SIXTH DEFENSE

Even if any alleged harassment, discrimination, or retaliation occurred, which Defendant denies, some or all of Plaintiff's claims are barred to the extent she failed to put Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or

6

corrective opportunities provided by Defendant, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged harassment, discrimination, or retaliation, Defendant promptly investigated the report and took prompt and appropriate remedial action.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent she consented to the alleged conduct claimed to be sexual harassment by Defendant's employee and to the extent that the alleged conduct by Defendant's employee was not unwelcome by Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged wrongful acts of Defendant's employee(s) were outside the course and scope of employment of such employee(s), were not in furtherance of Defendant's business, and were contrary to Defendant's good faith efforts to comply with all applicable laws.

## TENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Fourth Amended Complaint because, even if any unlawful discrimination or harassment occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure.

## ELEVENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Fourth Amended Complaint because, even if any unlawful discrimination or harassment occurred, which

7

Case 7:13-cv-00145-FL   Document 35   Filed 09/11/15   Page 7 of 10

<u>Defendant denies</u>, such conduct was not within the actual or constructive knowledge of higher management in Defendant's corporate structure.

### TWELFTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Fourth Amended Complaint because, even if any unlawful discrimination or harassment occurred, <u>which Defendant denies</u>, the damages alleged in the Fourth Amended Complaint are speculative.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Fourth Amended Complaint because, even if any unlawful discrimination or harassment occurred, <u>which Defendant denies</u>, Plaintiff failed to mitigate her damages, if any.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Fourth Amended Complaint because, even if any unlawful discrimination or harassment occurred, <u>which Defendant denies</u>, some or all of Plaintiff's damages were the result of her failure to notify Defendant of the alleged misconduct of its employee in a timely manner, and/or by the doctrine of laches.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and/or Plaintiff is not entitled to some or all of the relief requested in the Fourth Amended Complaint, by and based on the doctrines of unclean hands, waiver, estoppel and/or release.

### RESERVATION AND NON-WAIVER OF FURTHER DEFENSES

Defendant intends to rely upon all other proper defenses lawfully available that may be disclosed by evidence or revealed through discovery, and reserves the right to amend this

Answer to state such defenses. Defendant further reserves the right to amend to add any counterclaims that may become known during the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays:

That the above answer be deemed good and sufficient and, after due proceedings are had herein, there be judgment in favor of Defendant and against Plaintiff, rejecting all of Plaintiff's demands for relief from Defendant and dismissing Plaintiff's claims against Defendant with prejudice, at the sole cost of Plaintiff; and for such other and further relief to which it may be entitled in law and in equity.

Dated: September 11, 2015

**SMITHFIELD FARMLAND CORP.**

*/s/ Melissa A. Romanzo*
Melissa A. Romanzo (NC Bar No. 38422)
HUNTON & WILLIAMS LLP
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Fax: (704) 378-4890
Email: mromanzo@hunton.com

Kurt G. Larkin (VA Bar No. 70730)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: klarkin@hunton.com

*Counsel for Defendant Smithfield Farmland Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Angela Newell Gray, Esq.
7 Corporate Center Court, Suite B
Greensboro, NC 27408
angela@graynewell.com
*Attorney for Plaintiff*

                                          */s/ Melissa A. Romanzo*
                                          Melissa A. Romanzo

10

Case 7:13-cv-00145-FL   Document 35   Filed 09/11/15   Page 10 of 10