# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:13-cv-145-F

LISA COOPER,  )
 )
 )
Plaintiff, )
 )
v. )
 )
 )
 )
 )
THE SMITHFIELD PACKING )
COMPANY, INC., )
 )
Defendant. )

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, Smithfield Farmland Corp.[1] ("Defendant" or "Smithfield") propounds the following interrogatories to Plaintiff, Lisa Cooper ("Plaintiff"), to be answered in writing and under oath **within thirty (30) days** of the date of service hereof.

## DEFINITIONS

As used herein:

A. "Action" means the lawsuit styled *Lisa Cooper v. The Smithfield Packing Company, Inc.*, Case No. 7:13-cv-145-F, filed in the United States District Court for the Eastern District of North Carolina.

---

[1] Plaintiff's pleading incorrectly identifies Defendant as "The Smithfield Packing Company, Inc." On April 28, 2014, Defendant, The Smithfield Packing Company, Incorporated, merged with Farmland Foods, Inc. The name of the merged corporation, which is now reflected in the initial paragraph, is "Smithfield Farmland Corp."

B. "Communication" or "communications" includes any written or oral communication of all kinds including, but not limited to, letters, e-mails, electronic or text messages including, but not limited to, social media postings, telegrams, exchanges of written or recorded information, face to face meetings, and telephone conversations.

C. "Date" means the exact date, month, and year, if you know, or if not, the best approximation thereof, including relationships to other events.

D. "Defendant" refers to Smithfield Farmland Corp. and to its predecessors, successors, affiliates, present and former officers, directors, agents, employees, and all other persons acting or purporting to act on its behalf.

E. As used herein, "Document" refers to all materials, whether handwritten, typed, printed, faxed, audio-taped, video-taped, stored on computer file or disk, or reproduced by any mechanical means or process, including, but not limited to: notes, summaries, memoranda, drafts, letters, correspondence, telecopies, bulletins, pamphlets, minutes, records, agreements, tape recordings, photographs, videotapes, diaries, calendars, reports, working papers or the like. The enumeration of various specific items as included within the definition of the term "document" or "documents" shall not be taken to limit the generality of the terms, and the interrogatories below are intended to obtain all documents in the broadest and most comprehensive sense and meaning of the term. Different versions of the same document, including but not limited to drafts or documents with handwritten notation marks or marks not found on the original or other copies, are different documents. Where responsive documents exist in electronic format (including, but not limited to, e-mail and word processing documents), Defendant requests that such data be produced in native or TIFF format.

F. "Health care provider" means physician, medical care provider, mental health care provider, psychiatrist, psychologist, therapist, counselor, hospital, social worker, chiropractor, hospital, or clinic.

G. "Identify" or any synonym thereof means:

1. when referring to an individual person, to state his or her full name, present or last known address and telephone number, title or position, and business affiliation, both current and former;

2. when referring to an oral communication,

   (a) to state the date and place of the communication;

   (b) to identify each person who participated in or otherwise heard the communication;

   (c) to describe as specifically as possible what was said by each participant in the course of such communication;

   (d) to state whether there are any documents that set forth, summarize or refer to any portion of such oral communication; and

   (e) if such documents exist, to identify each document and each person having possession, custody, or control of the document.

H. "Person" or "persons" includes, without limitation, individuals, associations, governmental agencies, partnerships, and corporations, and the officers, agents, and employees of the foregoing.

I. "Plaintiff," "you" or "your" refers to the Plaintiff in this action, Lisa Cooper, and to all persons acting or purporting to act on her behalf.

J.      "Relating to" (or any grammatical form thereof) means pertaining to, referring to, concerning, containing, reflecting, mentioning, citing, deriving from, excerpting, supporting, contradicting, proving, rebutting, or relevant to.

K.      "Retained Expert," as that term is used herein, is any witness who was hired for the sole purpose of forming and expressing an opinion in anticipation of this litigation or in preparation for trial in this Action. In contrast, a "non-retained expert" is an expert witness that was initially retained for some other purpose, such as the treatment of mental or physical injuries, and may have relevant observations and perceptions to discuss as an expert relating to that purpose, but is not considered a retained expert, as defined above.

## INSTRUCTIONS

In answering these interrogatories, Plaintiff is requested to furnish all information, however obtained, including hearsay, that is known by or available to her or her attorneys, agents, or other representatives acting on her behalf. If Plaintiff cannot answer an interrogatory fully after exercising due diligence to obtain the requested information, so state and answer to the extent possible, specifying Plaintiff's inability to answer the remainder and stating whatever knowledge or information Plaintiff has concerning the unanswered portion.

Should a privilege be asserted with respect to the information requested by any of the following interrogatories, Plaintiff is requested to answer the interrogatories in the manner indicated above to the greatest extent possible, identifying any information withheld on the basis of privilege, the nature of the privilege claimed, and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the claim.

These interrogatories shall be deemed continuing in nature within the meaning of Rule 26(e) of the Federal Rules of Civil Procedure, and Plaintiff shall serve amended or supplemental answers should different or more current information come to Plaintiff's attention.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who is likely to have knowledge or information relating to any of the facts or claims asserted in this action or to your alleged damages, and describe in detail the knowledge or information you believe each person may have.

### INTERROGATORY NO. 2:

Identify every person from whom you have obtained a verbal or written statement relating to any act, circumstance, or event related to your claims in this action. In answering, please identify each and every statement or admission against interest which you contend Defendant or any of its employees has made which you contend in any way supports your claims in this action. Describe the statement in detail by type of statement, date of statement, substance of statement, custodian of statement, and custodian's address and telephone number.

### INTERROGATORY NO. 3:

Identify each and every witness, including any non-retained expert witness, that you may call to testify at any time during this litigation, including in your answer the name, business address, residential address, business and home telephone numbers, and the relationship between the witness

and you. Please also include persons you have contacted regarding the possibility of being a witness who have declined your request.

**INTERROGATORY NO. 4:**

Identify each and every retained expert witness that you may call to testify at any time during this litigation, including in your answer the name, business address, business telephone numbers, and the anticipated subject matter(s), fact(s), and/or opinion(s) upon which the retained expert is expected to testify. Please also include persons you have contacted regarding the possibility of testifying as a retained expert who have declined your request.

**INTERROGATORY NO. 5:**

Describe in complete detail your employment history since reaching age eighteen (18) to date, including any employment held both prior to, and since, your period of employment with Defendant. In answering this Interrogatory, furnish the names of each prior employer, your immediate supervisor(s) and job title(s) for each such employer, the dates you held such employment, and the reason you changed positions and/or employers.

**INTERROGATORY NO. 6:**

Please identify every government proceeding or investigation (including, but not limited to, North Carolina Department of Labor charges, Equal Employment Opportunity Commission charges of discrimination, unemployment compensation claims, workers' compensation claims,

safety or health complaints), civil action or lawsuit you have been involved in as a party or witness (either through affidavits, deposition or other testimony). For each, describe in detail the nature of the proceeding (including but not limited to the case caption and number, the parties involved, where the suit was filed [county and state] and the outcome), and your connection to or role in that proceeding.

**INTERROGATORY NO. 7:**

Please identify any internal complaint of harassment or discrimination made by you, or on your behalf, to any employer with whom you have been employed. For each, describe in detail the nature of the complaint (including but not limited to the identity of the employer, including its name and business address, the date of the complaint, the individual(s) to whom the complaint was directed, the individual(s) alleged to have engaged in the conduct leading to the complaint, and the outcome of the complaint).

**INTERROGATORY NO. 8:**

Please describe all efforts and attempts you have made, if any, to obtain employment since the date on which your employment with Defendant ended, whether self-employment or employment with another employer. Include in your answer each such prospective employer's identity (name and address), the type of work applied for, the date upon which you applied, the name of any representative of the prospective employer with whom you had any form of communication, and the employer's decision regarding your application. If you have declined an

offer of employment with any employer identified in your answer to this Interrogatory, describe fully the offer you received, including your proposed compensation, and state the reason you declined such offer.

**INTERROGATORY NO. 9:**

If there was any period since the date on which your employment with Defendant ended during which you were unable to work full time for any reason, or in which you had any restriction on the hours that you could work, state the beginning and ending date of each such period, explain fully the reasons why you could not work full time or had any restrictions on the hours that you could work, and state the hours, if any, that you were able to work.

**INTERROGATORY NO. 10:**

Please identify each and every job and/or source of income you have received since the date on which your employment with Defendant ended, including but not limited to salary, wages, tips, gratuities, gifts, income from self-employment, workers' compensation payments, unemployment compensation payments, payments for sick or vacation leave, disability payments, and welfare benefit payments or social security benefits; state the amount of any income you received from each identified source, and identify and describe all documents that evidence, describe, or refer to the information provided in response to this Interrogatory.

**INTERROGATORY NO. 11:**

Please identify every health care provider from whom you have sought or received treatment, therapy, counseling or examination, as alleged in Paragraph 32 of the Fourth Amended Complaint. Please also identify every health care provider from whom you have sought or received treatment, therapy, counseling or examination for any other alleged injury, disability, emotional distress, physical and emotional anguish and/or pain and suffering, purportedly suffered as a result of the conduct which forms the basis for the instant action. For each such health care provider identified, state the name and address for the provider, the dates of treatment or examination, the reason for treatment or examination, and identify and describe all documents that evidence, describe, or refer to such information.

**INTERROGATORY NO. 12:**

Please identify any other health care provider, including physicians, psychiatrists, psychologists, therapists, counselors, social workers, hospitals, clinics, and laboratories, from whom you have sought or obtained treatment, advice, consultation, evaluation, testing, or other services at any time for any type of mental or emotional illness or problem. For each such health care provider identified, state the name and address for the provider, the dates of treatment or examination, the reason for treatment or examination, identify and describe all documents that evidence, describe, or refer to such information, and state whether you contend any such treatment was related to the events which form the basis for the instant action.

## INTERROGATORY NO. 13:

Identify all persons, including but not limited to, employees and former employees of Defendant, to whom you have spoken or otherwise communicated with regarding any of your allegations in this lawsuit, and for each such person, separately provide their home and work address, their home and work telephone number and a detailed description of your communication with them.

## INTERROGATORY NO. 14:

Please state separately the financial amount or value of each type of relief or damage you are seeking to recover in this action, including an explanation of how the amount or value was calculated, and the identification and description of any and all documents you believe evidence such financial value or calculation.

This the 15th day of October, 2015.

SMITHFIELD FARMLAND CORP.

Melissa A. Romanzo (NC Bar No. 38422)
HUNTON & WILLIAMS LLP
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Fax: (704) 378-4890
Email: mromanzo@hunton.com

Kurt G. Larkin (VA Bar No. 70730)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: klarkin@hunton.com

*Counsel for Defendant Smithfield Farmland Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2015, I served the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF by both email and United States mail, first class, postage prepaid upon:

Angela Newell Gray, Esq.
7 Corporate Center Court, Suite B
Greensboro, NC 27408
angela@graynewell.com
*Attorney for Plaintiff*

Attorney