# EXHIBIT 3



# HUNTON&
# WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

KURT G. LARKIN
DIRECT DIAL: 804 • 788 • 8776
EMAIL: klarkin@hunton.com

November 27, 2015

FILE NO: 27120.019023

*Via U.S. Mail and E-Mail*

Angela Gray, Esq.
Gray Newell Thomas, LLP
7 Corporate Center Court, Suite B
Greensboro, NC 27408

Re: *Lisa Cooper v. The Smithfield Packing Company, Inc.*
    Case No.: 7:13-cv-145-F

Dear Angela:

We have reviewed your client's responses to Defendant's First Set of Interrogatories to Plaintiff ("Smithfield's Interrogatories") and Defendant's First Request for Production of Documents to Plaintiff ("Smithfield's RFP"). There are several responses and/or objections with which we take issue. It is my belief that most, if not all, of our concerns require simple clarification on your client's behalf for the reasons set forth below, and should not pose any significant obstacle for the parties to overcome. Nevertheless, please consider this letter a good faith attempt to resolve a potential discovery dispute with respect to the following of Plaintiff's responses.

A.  **Smithfield's Interrogatories**

Defendant takes issue with the following responses to Smithfield's Interrogatories:

5.  Describe in complete detail your employment history since reaching age eighteen (18) to date, including any employment held both prior to, and since, your period of employment with defendant. In answering this interrogatory, furnish the names of each prior employer, your immediate supervisor(s) and job title(s) for each such employer, the dates you held such employment, and the reason you changed positions and/or employers.

Case 7:13-cv-00145-FL Document 42-4 Filed 06/03/16 Page 2 of 8

# HUNTON&
# WILLIAMS

Angela Gray, Esq.
November 27, 2015
Page 2

> *ANSWER: The Plaintiff cannot recall with specificity her employment since the age of eighteen (18); however, she knows that she worked for House of Raeford, Rocko, and Smithfield (1995-2011). The Plaintiff is currently employed at Kayser-Roth in Lumberton, NC where she has worked as a Line Inspector since November 15, 20 11. She earns $645.00 every two (2) weeks, working approximately four (4) days per week/eight (8) hours per day. Her immediate supervisor is Lynn Sealey.*

**Smithfield Reply:** **Plaintiff's response appears incomplete, in that it does not furnish the requested information including the Plaintiff's immediate supervisor(s) and job title(s) for each employer identified, the dates Plaintiff held employment with them, and the reason Plaintiff changed positions and/or employers. Additionally, we are unable to locate or identify any employer incorporated as, or doing business as, "Rocko," and request that Plaintiff provide additional information concerning the identity of that employer. As you know, information concerning the Plaintiff's prior employment history is relevant, and the omitted information is necessary in order for Defendant to fully investigate that history.** *See e.g., Quinn v. Conagra Foods Packaged Foods LLC,* **2010 U.S. Dist. LEXIS 136645 (S.D. Ohio Sept. 10, 2010) (holding that records from four of the plaintiff's former employers were discoverable over the plaintiff's objection);** *Stewart v. Orion Fed. Credit Union,* **285 F.R.D. 395 (W.D. Tenn. Aug. 2, 2012) (concluding that the plaintiffs' performance reviews, evaluations, and reasons for terminations from former employers were discoverable). Defendant requests a complete response to the requested information.**

6. Please identify each government proceeding or investigation (including, but not limited to, North Carolina Department of Labor charges, Equal Employment Opportunity Commission charges of discrimination, unemployment compensation claims, workers' compensation claims, safety or health complaints), civil action or lawsuit you have been involved in as a party or witness (either through affidavits, deposition or other testimony). For each, describe in detail the nature of the proceeding (including but not limited to the case caption and number, the parties involved, where the suit was filed [county and state] and the outcome), and your connection to or role in that proceeding.

> *ANSWER: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiver thereof, the Plaintiff contends that*

**HUNTON&**
**WILLIAMS**

Angela Gray, Esq.
November 27, 2015
Page 3

> *she was involved in an unemployment benefits claim against the Defendant herein; Docket No.: X-A-56829. The Plaintiff further contends that she was involved in an EEOC Charge of Discrimination against the Defendant herein' Charge No.: 433-2012-00286.*

**Smithfield Reply:** Defendant asserts that the stated objection is without merit. Moreover, it is unclear from Plaintiff's response whether she has, in light of her stated objection, withheld information relating to other government proceedings, investigations, or law suits to which she has been a party. Plaintiff's participation in other government proceedings or investigations is relevant to her motives or bias, and to her credibility with respect to her present claim. *See Pounds v. Board of Trustees*, 215 F.3d 1320 (4th Cir. 2000) (finding that evidence of prior claims of discrimination against two previous employers admissible as impeachment at trial to show bias or motive); *Stokes v. Xerox Corp.*, 2006 U.S. Dist. LEXIS 98888 (E.D. Mich. Oct. 5, 2006) (holding that prior charges of discrimination are discoverable as they could bear on the plaintiff's credibility in present discrimination action); *Maxwell v. Health Center of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006) (same); *Travers v. Travenol Labs., Inc.*, 94 F.R.D. 92 (N.D. Ill. 1982) (permitting defendant to obtain documents from EEOC discrimination charge filed by plaintiff against a prior employer because such information might lead to admissible evidence as to plaintiff's intent and motive in filing the present action); *Valentine v. Remke Markets, Inc.*, 2012 U.S. Dist. LEXIS 35234 (S.D. Ohio Mar. 15, 2012) (declining to quash subpoena seeking employment records of former employer relating to charges of discrimination, finding that such records could lead to the discovery of admissible records). Defendant requests either clarification that the information provided by Plaintiff in response to interrogatory 6 is complete, or, alternatively, a complete response to the requested information.

7. Please identify any internal complaint of harassment or discrimination made by you, or on your behalf, to any employer with whom you have been employed. For each, describe in detail the nature of the complaint (including but not limited to the identity of the employer, including its name and business address, the date of the complaint, the individual(s) to whom the complaint was directed, the individual(s) alleged to have engaged in the conduct leading to the complaint, and the outcome of the complaint).

HUNTON&
WILLIAMS

Angela Gray, Esq.
November 27, 2015
Page 4

*ANSWER: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiver thereof, the Plaintiff contends that she complained in July 2011 to Jamie Pope about the harassment she was subjected to by Tommy Lowery.*

**Smithfield Reply:** Defendant takes issue with this response for the same reasons stated with respect to interrogatory number 6, above. Defendant requests either clarification that the information provided by Plaintiff in response to interrogatory 7 is complete, or, alternatively, a complete response to the requested information.

12. Please identify any other healthcare provider, including physicians, psychiatrists, psychologists, therapists, counselors, social workers, hospitals, clinics, and laboratories, from whom you have sought or obtained treatment, advice, consultation, evaluation, testing, or other services at any time for any type of a mental or emotional illness or problem. For each such healthcare provider identified, state the name and address for the provider, the dates of treatment or examination, the reason for treatment or examination, identify and describe all documents that evidence, describe, or referred to such information, and state whether you contend any such treatment was related to the events which form the basis for the instant action.

*ANSWER: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiver thereof, the Plaintiff contends that her response to Interrogatory No. 11 is responsive to this request.*

**Smithfield Response:** Defendant asserts that the stated objection is without merit. Moreover, it is unclear from Plaintiff's response whether she has, in light of her stated objection, withheld relevant requested information. Plaintiff has placed her mental health squarely at issue through the allegations in the Fourth Amended Complaint, which allege that "as a result of Defendant Company's sexual harassment, [Plaintiff] has suffered and continues to suffer severe emotional distress, including but not limited to, headaches, chronic depression, insomnia, chronic anxiety, stress, 'nervous stomach,' and fear," and that "her medical doctor and therapist diagnosed [Plaintiff] as suffering from severe emotional distress as a result of the aforementioned behavior and prescribed

# HUNTON&
# WILLIAMS

Angela Gray, Esq.
November 27, 2015
Page 5

medication to treat her condition." Further, Plaintiff acknowledged both in her Fourth Amended Complaint and in response to interrogatory number 14, that she is seeking damages for emotional pain and mental anguish. As a result, information relating to other, or prior, treatment Plaintiff has received for any mental or emotional illness or problem, and the identity of the provider of such treatment, is clearly relevant to the cause of Plaintiff's alleged injury, as well as the credibility of her claim. For these reasons, Defendant requests either clarification that the information provided by Plaintiff in response to interrogatory 12 is complete, or, alternatively, a complete response to the requested information.

B.  Smithfield's RFP's

Defendant takes issue with the following responses to Smithfield's RFP's:

17. Your state and federal income tax returns from 2010 through present, and all documents used in preparing those returns.

*RESPONSE: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence.*

Smithfield Reply: The objection stated by Plaintiff is without merit. Plaintiff's tax returns are clearly discoverable both as a result of their relevance to Plaintiff's efforts relating to mitigation and since Plaintiff has pled damages for alleged pecuniary losses. *See e.g., Johnson v. Next Day Blinds Corp.*, 2011 U.S. Dist. LEXIS 113610 (D. Md. Oct. 3, 2011) (finding tax returns discoverable as a result of plaintiff's "allegations of lost income and future pecuniary losses"); *Barnette v. City of Charlotte*, 2012 U.S. Dist. LEXIS 124795 (W.D.N.C. 4 Sept. 2012) (directing plaintiff to produce tax returns even where W-2's and 1099's had been provided); *Stewart v. VCU Health Sys. Auth.*, 2012 U.S. Dist. LEXIS 17777 (E.D. Va. 13 Feb. 2012) (noting that plaintiff employee had been directed to produce tax returns that were relevant to his mitigation of damages and earned income after termination); *Bricker v. R&A Pizza, Inc.*, 2011 U.S. Dist. LEXIS 55324 (S.D. Ohio 23 May 2011) ("With respect to the issue of relevancy, courts typically find tax returns to be relevant in actions where a party's income is in issue, as, for example, where a claim for lost wages has been asserted.... In such cases, the information in tax returns is relevant, especially as it relates to

mitigation of damages.") (citations omitted); *Rosson v. Wyndham Vacations Resorts, Inc.*, 2011 U.S. Dist. LEXIS 2609 (M.D. Tenn. 11 Jan. 2011) (affirming magistrate judge's order directing plaintiff to produce tax returns on grounds that the tax returns were relevant to plaintiff's duty to mitigate damages and claim for damages in addition to his credibility). Not only does Plaintiff have an obligation to produce the requested tax return records within her possession and control, courts have determined that, where tax returns are discoverable because of allegations of lost income and future pecuniary losses, parties are required to avail themselves of procedures to obtain tax records not within their direct possession. *See e.g., Johnson v. Next Day Blinds Corp.*, infra. Defendant requests that Plaintiff produce the information requested in request for production 17.

30.     An executed authorization for release of medical records for each healthcare provider identified in response to Interrogatories ten (10) and eleven (11)[1] of the Defendant's First Set of Interrogatories to Plaintiff, authorizing the disclosure and production of relevant medical records to the law firm of Hunton & Williams LLP, for its use in connection with this action, and for no other purpose. An unexecuted copy of the request authorization for release of medical records has been attached hereto for your convenience and execution.

*RESPONSE: The Plaintiff will request medical records responsive to this request and produce them to the Defendant forthwith.*

<u>Smithfield's Reply:</u>  Defendant takes issue with this response for all of the reasons stated with respect to Plaintiff's response to interrogatory 12, above, and to the extent that Plaintiff proposes to limit the scope of the medical records she will either obtain or produce. Defendant is entitled to records relating to the medical treatment Plaintiff allegedly sought as a result of the events alleged in this case as well as records relating to other, or prior, treatment Plaintiff received for any mental or emotional illness or problem. Additionally, and while we

---

[1] Defendant's RFP 30 inadvertently requested a medical release for each healthcare provider identified in Plaintiff's responses to Interrogatories ten (10) and eleven (11). The document request in RFP 30 was meant to refer to Interrogatories *eleven (11) and twelve (12)*, which are the interrogatories that ask Plaintiff to identify her relevant healthcare providers. I assume you recognized this error, but to eliminate any confusion please be guided accordingly in any supplemental responses to RFP 30.

> appreciate Plaintiff's offer to gather and produce the medical records at issue, we do not believe it is appropriate for her to serve as a "gatekeeper" to what records are relevant, and whether they will be produced in response to this request. *See EEOC v. New Hanover Reg'l Med. Ctr.*, 2010 U.S. Dist. LEXIS 119177 (E.D.N.C. Nov. 9, 2010) (rejecting plaintiff's demand to gather and produce relevant medical records in lieu of executing requested authorization for release). Defendant requests that, in addition to providing a complete response to interrogatory 12, above, Plaintiff execute and return authorizations for release of medical records for each healthcare provider from whom Plaintiff sought or obtained treatment, advice, consultation, evaluation, testing, or other services at any time for any type of a mental or emotional illness or problem.

In the interest of continuing to pursue discovery expeditiously, we would appreciate amended responses to the foregoing interrogatories and requests on or before Monday, December 7, 2015. We are hopeful that we can satisfactorily resolve each of the issues raised above. To that end, please let me know if you have any questions or would like to discuss any of these issues further.

Sincerely,

Kurt G. Larkin

KGL/bcu