# EXHIBIT 9



# HUNTON&
# WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL  804 • 788 • 8200
FAX  804 • 788 • 8218

KURT G. LARKIN
DIRECT DIAL: 804 • 788 • 8776
EMAIL: klarkin@hunton.com

May 23, 2016

FILE NO: 27120.019023

**Via UPS Overnight Mail & E-Mail**

Angela Gray, Esq.
Gray Newell Thomas, LLP
7 Corporate Center Court, Suite B
Greensboro, NC 27408

Re:  *Lisa Cooper v. The Smithfield Packing Company, Inc.*
     *Case No.: 7:13-cv-145-F*

Dear Angela:

I write to express my dismay at the fact that numerous deficiencies still exist with respect to Lisa Cooper's responses to Defendant's First Set of Interrogatories to Plaintiff ("Smithfield's Interrogatories") and Defendant's First Request for Production of Documents to Plaintiff ("Smithfield's RFP"). As you no doubt recall, we originally took issue with a number of omissions in Mrs. Cooper's initial responses as well as several dubious objections to making those responses raised by you, her counsel. You then provided us supplemental responses which we believed to be true, accurate and, most importantly, complete.

Mrs. Cooper's recent deposition testimony made clear, however, that her responses to many of these same interrogatories and document requests remain woefully incomplete in ways that have denied my client the benefit of full discovery. Moreover, it is troublingly apparent that Mrs. Cooper's incomplete responses were not all the result of simple inaccuracies, but in some cases were the result of her deliberate withholding of relevant information. Her actions have frustrated the discovery process and require immediate action on your part to correct and/or supplement the record in this case. Consider this letter a good faith attempt to resolve a potential discovery dispute with respect to the following matters:

**A.    Smithfield's Interrogatories**

We again take issue with Mrs. Cooper's responses to Smithfield's Interrogatories and demand that she provide us with full and complete responses to the following interrogatories:

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  TOKYO  WASHINGTON
www.hunton.com

Case 7:13-cv-00145-FL    Document 42-10    Filed 06/03/16    Page 2 of 12


HUNTON&
WILLIAMS

Angela Gray Newell
May 23, 2016
Page 2

> 5. Describe in complete detail your employment history since reaching age eighteen (18) to date, including any employment held both prior to, and since, your period of employment with defendant. In answering this interrogatory, furnish the names of each prior employer, your immediate supervisor(s) and job title(s) for each such employer, the dates you held such employment, and the reason you changed positions and/or employers.

> *ANSWER: The Plaintiff cannot recall with specificity her employment since the age of eighteen (18); however, she knows that she worked for House of Raeford, Rocko, and Smithfield (1995-2011). The Plaintiff is currently employed at Kayser-Roth in Lumberton, NC where she has worked as a Line Inspector since November 15, 2011. She earns $645.00 every two (2) weeks, working approximately four (4) days per week/eight (8) hours per day. Her immediate supervisor is Lynn Sealey.*

> *SUPPLEMENTAL ANSWER: The Plaintiff contends as follows:*

> *a. June 1984- June 1985; she was employed as a Recreation Supervisor at Lumber Bridge located at 1106 N. Cedar Street, Lumberton, NC; (910)-671-3869 (telephone). Her employment ended because the plant closed.*

> *b. June 1985; she was employed as a Guidance Assistant at Red Springs High School located at 529 N. Vance Street, Red Springs, NC 28377; (910)-843-2587 and (910)-843-4211 (telephone).*

> *c. July 2, 1986-January 10, 1987; she was employed as a Cook at the Corner Grill located at 110 4th Avenue, Red Springs, NC 28377; (910)-843-2626 (telephone).*

> *d August 1987-July 14, 1993; she was employed as a worker in the Sanitation Department at The House of Raeford located at 520 Central Avenue, Raeford, NC 28376; (910)- 875-5161. Her employment ended because the plant closed.*

> *e. March 9, 1994-August 19, 1995; she was employed as a Crew Leader in the Sanitation Department at Rocco Turkey located at Hwy. 20 East, St. Paul, NC. Her employment ended because the plant closed.*

> *f. November 20, 1995- July 2011; she worked at the Defendant Company.*

# HUNTON&
# WILLIAMS

Angela Gray Newell
May 23, 2016
Page 3

> <u>Smithfield Reply:</u> Mrs. Cooper's response remains incomplete. During her deposition, Mrs. Cooper identified two additional employers, Howard Johnson Hotels and Croft Metals, with whom she was employed prior to her employment with Smithfield, but could not recall specific dates or locations of her employment with them. (Tr. 74-75). Additionally, based on her deposition testimony, it appears that Mrs. Cooper's disclosures with respect to her dates of employment at House of Raeford and Rocco Turkey, and her reasons for leaving House of Raeford, are inaccurate, incomplete, or both. (Tr. 74-78). As you know, information concerning Mrs. Cooper's prior employment history is relevant, and the omitted information is necessary in order for the Company to fully investigate that history. *See e.g., Quinn v. Conagra Foods Packaged Foods LLC*, 2010 U.S. Dist. LEXIS 136645 (S.D. Ohio Sept. 10, 2010) (holding that records from four of the plaintiff's former employers were discoverable over the plaintiff's objection); *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395 (W.D. Tenn. Aug. 2, 2012) (concluding that the plaintiffs' performance reviews, evaluations, and reasons for terminations from former employers were discoverable). Smithfield requests a full and complete response.

12. Please identify any other healthcare provider, including physicians, psychiatrists, psychologists, therapists, counselors, social workers, hospitals, clinics, and laboratories, from whom you have sought or obtained treatment, advice, consultation, evaluation, testing, or other services at any time for any type of a mental or emotional illness or problem. For each such healthcare provider identified, state the name and address for the provider, the dates of treatment or examination, the reason for treatment or examination, identify and describe all documents that evidence, describe, or referred to such information, and state whether you contend any such treatment was related to the events which form the basis for the instant action.

*ANSWER: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiver thereof, the Plaintiff contends that her response to Interrogatory No. 11 is responsive to this request.*

*SUPPLEMENTAL ANSWER: The Plaintiff contends that she has not been treated for mental health issues other than as it relates to the harassment she was subjected to by Mr. Lowery. In addition to her response to Interrogatory No. 11, the Plaintiff*

Angela Gray Newell
May 23, 2016
Page 4

>  *responds that she was treated by Dr. Womack at Community Innovation, and was prescribed the following medication:*
>
>  *a) Hydrochlorothiazide 25 mg Tab, one tablet everyday*
>  *b) Hydroxyzine Hcl 25mg, 1 tablet at bedtime*
>  *c) Fluoxetine Hcl 20mg, 1 tablet everyday*
>  *d) Hydroxyzine Hcl 25mg, ½ tablet at bedtime*
>  *e) Trazodone 100 mg, 1 tablet at bedtime*
>  *f) Alprazolam .5mg, 1 tablet 3x per day*
>  *g) Potassium Cl ER 1 Omg, 1 tablet everyday*
>  *h) Meloxicam 7.5mg, 1 tablet everyday*

**Smithfield Reply:** Despite expressly asserting in her Supplemental Answer that she "has not been treated for mental health issues other than as it relates to the harassment she was subjected to by Mr. Lowery," Mrs. Cooper admitted at deposition that she has been receiving "ongoing" mental health treatment "once a week" from a number of mental health providers, including "Lumberton Mental Health," as a result of a prior instance of alleged sexual harassment during her employment with House of Raeford. (Tr. 162-170). According to Mrs. Cooper, the reason she did not disclose these treatment providers in response to the above Interrogatory is "because it didn't have nothing to do with what was going on here." (Tr. 167-168). As you know, Mrs. Cooper has placed her mental health squarely at issue in this case and has acknowledged both in her Fourth Amended Complaint and in response to Smithfield's interrogatories that she is seeking damages for emotional pain and mental anguish. Information relating to other, or prior, treatment Mrs. Cooper has received for any mental or emotional illness or problem, and the identity of the provider of such treatment, particularly as it relates to a prior claim of sexual harassment against her previous employer, is plainly relevant to the cause of her alleged injury, as well as the credibility of her claim.

Ms. Cooper also admitted during deposition that the above Supplemental Answer is inaccurate to the extent it misleadingly identifies someone named "Dr. Womack at Community Innovation." Ms. Cooper testified that "Dr. Womack" does not work at Community Innovation, but instead is employed at a separate practice. (Tr. 266-67). With regard to the obvious next question – who then did she treat with at Community Innovation – Mrs. Cooper stated that she saw both

# HUNTON&
# WILLIAMS

Angela Gray Newell
May 23, 2016
Page 5

a doctor and a therapist, but that she is not sure of their names. (Tr. 274). She further identified someone named "Dr. Kelly" who prescribed her blood pressure medication. "Dr. Kelly" also is not identified in her Supplemental Answer. (Tr. 267).

Mrs. Cooper further failed to accurately testify regarding the prescription medications listed above, but in doing so revealed she has additional information in her possession with which she could have supplemented the above response. While testifying that she did not know what many of these medicines are for, Mrs. Cooper asserted that "I have a pill bottle – each pill bottle got the doctor's name and the therapist's name on there who prescribed it to me." (Tr. 270). Mrs. Cooper did not bring her pill bottles – or the information about who prescribed them – to her deposition.

Thus, it is apparent based on Mrs. Cooper's deposition testimony that her Supplemental Answer is deficient in it least the following respects: (i) it fails to identify Lumberton Mental Health and the details of Mrs. Cooper's treatment with that provider; (ii) it fails to fully and accurately identify Dr. Womack and the details of Mrs. Cooper's treatment with that provider; (iii) it fails to identify Dr. Kelly and the details of Mrs. Cooper's treatment with that provider; (iv) it fails to identify the names of the providers at Community Innovation with whom Mrs. Cooper treated; (v) it fails to identify the names of the providers who prescribed each of the medications identified in the Supplemental Answer. Smithfield requests a full and complete response to correct each of these deficiencies. Further, Smithfield requests that Mrs. Cooper identify <u>each and every</u> medical provider from whom she has sought treatment for mental or psychological distress, to the extent not specifically identified in her deposition testimony.

B. <u>Smithfield's RFP's</u>

We again take issue with Mrs. Cooper's responses to Smithfield's RFP, and demand that Ms. Cooper provide us with full and complete responses to the following requests:

22. All documents, not already requested, relating in any way to any treatment, diagnosis, advice, testing, or other services you have received since reaching the age of eighteen (18) years old for any type of mental or emotional illness or problem. This

# HUNTON&
# WILLIAMS

Angela Gray Newell
May 23, 2016
Page 6

request includes, but is not limited to, any medical records, evaluations of your medical, physical, or mental condition, bills, records of payment for medical care or medicine, prescription slips, correspondence or notes to or from healthcare providers, or records of discussion with healthcare providers.

*RESPONSE: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiver t hereof, the Plaintiff contends that Exhibit F is responsive to this request.*

**Smithfield Reply: The above response is plainly incomplete. Exhibit F contained a handful of medical records Plaintiff obtained from Community Innovations as a result of her treatment there in 2011 and 2012. Mrs. Cooper apparently has pill bottles in her possession that contain highly relevant information – the names of the healthcare providers who prescribed them. She must either supplement the above Interrogatories or produce Xerox copies of her pill bottles.**

**Mrs. Cooper also admitted to having – and not producing in discovery – appointment cards that would have identified the specific dates on which she received relevant medical treatment: "I have all of my appointment cards. After sessions, they give you your next appointment." (Tr. 284). When asked why she failed to provide us with these records in her discovery response, she sarcastically responded, "Did you ask for appointment cards?" (Tr. 284). The appointment cards are unquestionably responsive to the above request (not to mention several others) and are also relevant, and Mrs. Cooper's failure to produce them plainly is not in good faith.**

**Finally, to the extent Mrs. Cooper has any medical records of any kind in her possession relating to any of the medical providers identified in her Interrogatory responses and at deposition, and as she may supplement them in response to this letter, she must produce those documents to us.**

17. Your state and federal income tax returns from 2010 through present, and all documents used in preparing those returns.

*RESPONSE: The Plaintiff objects to this interrogatory on the grounds that it is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence.*

*SUPPLEMENTAL RESPONSE: See attached federal tax returns for 2010 through the present.*

**Smithfield Reply:** At deposition, Mrs. Cooper admitted that the tax returns provided in her supplemental response were either inaccurate, incomplete, or were not the actual returns filed with the federal government. (Tr. 241-252). For instance, she admitted to having filed an amended 2012 return that she failed to produce in discovery: "I don't have it with me, but I do have a corrected one." (Tr. 247). When told she was obligated to produce all of her tax returns during the relevant period, she claimed she had asked the IRS office in Fayetteville to provide her with a copy of her amended return but had not received it yet. But that information was never disclosed to us in any of her discovery responses. Mrs. Cooper also admitted to having filed a 2015 tax return that has not yet been produced.

Mrs. Cooper's tax returns are clearly discoverable both as a result of their relevance to her mitigation efforts and since she is seeking damages for alleged pecuniary losses. *See e.g., Johnson v. Next Day Blinds Corp.*, 2011 U.S. Dist. LEXIS 113610 (D. Md. Oct. 3, 2011) (finding tax returns discoverable as a result of plaintiff's "allegations of lost income and future pecuniary losses"); *Barnette v. City of Charlotte*, 2012 U.S. Dist. LEXIS 124795 (W.D.N.C. 4 Sept. 2012) (directing plaintiff to produce tax returns even where W-2's and 1099's had been provided). Not only does Mrs. Cooper have an obligation to produce the requested tax return records within her possession and control, courts have determined that, where tax returns are discoverable because of allegations of lost income and future pecuniary losses, parties are required to avail themselves of procedures to obtain tax records not within their direct possession. *See e.g., Johnson v. Next Day Blinds Corp.*, infra. Smithfield requests that Mrs. Cooper produce all of the information requested in request for production 17.

30.  An executed authorization for release of medical records for each healthcare provider identified in response to Interrogatories ten (10) and eleven (11)[1] of the

---

[1] Defendant's RFP 30 inadvertently requested a medical release for each healthcare provider identified in Plaintiff's responses to Interrogatories ten (10) and eleven (11). The document request in RFP 30 was meant to refer to Interrogatories eleven (11) and twelve (12),

  Defendant's First Set of Interrogatories to Plaintiff, authorizing the disclosure and production of relevant medical records to the law firm of Hunton & Williams LLP, for its use in connection with this action, and for no other purpose. An unexecuted copy of the request authorization for release of medical records has been attached hereto for your convenience and execution.

  *RESPONSE: The Plaintiff will request medical records responsive to this request and produce them to the Defendant forthwith.*

  *SUPPLEMENTAL RESPONSE: See attached subpoena for medical records.*

  **Smithfield's Reply: Smithfield requests that, in addition to providing a complete response to Interrogatory 12, above, Mrs. Cooper execute and return authorizations for release of medical records for each healthcare provider from whom Plaintiff sought or obtained treatment, advice, consultation, evaluation, testing, or other services at any time for any type of a mental or emotional illness or problem. A generic authorization for release has been attached for execution by Mrs. Cooper.**

C.  **Independent Mental Examination and Expert Discovery Deadline**

  We would like Mrs. Cooper to submit to an independent mental examination. Please advise whether Mrs. Cooper is willing to voluntarily consent to the examination, or whether you intend to oppose such an examination in which case we will seek an order from the Court under Fed.R.Civ.P. 35. <u>Please provide dates in late June or early July, 2016, on which Plaintiff is available for an independent mental examination.</u> Unfortunately, Mrs. Cooper's deficient discovery responses may delay the date of any examination, which cannot be scheduled until she provides a complete response to Smithfield's discovery requests, which in turn will allow Smithfield to subpoena all of her relevant medical records. For these reasons I intend to request that the Court extend Defendant's June 17, 2016 deadline for identifying experts to Monday, July 11, 2016. Please let me know whether Plaintiff will oppose this request.

---

which are the interrogatories that ask Plaintiff to identify her relevant healthcare providers. I assume you recognized this error, but to eliminate any confusion please be guided accordingly in any supplemental responses to RFP 30.



Angela Gray Newell
May 23, 2016
Page 9

### D. Continuation of Plaintiff's Deposition

Given Mrs. Cooper's failure to disclose the information discussed above, we may also need to continue her deposition once we have received the full and complete records to which we are entitled. <u>Please provide dates in late June or early July, 2016, on which Plaintiff is available for the completion of her deposition.</u> We are willing to coordinate time on either the same day, or on a successive day, for the deposition you have requested, but we intend to complete Plaintiff's deposition before producing any of our own witnesses for deposition.

In closing, I again express my disappointment over the haphazard manner in which your client has chosen to approach the discovery process. I cannot stress this enough – Mrs. Cooper is not entitled to make her own, unilateral decisions about what is, and what is not, relevant in this litigation. If you believe any of the information we have requested in discovery is objectionable, it is up to you to raise those objections with us and, if necessary, the Court. It is not Mrs. Cooper's prerogative to self-censor the discovery record in this case without notifying anyone that she is doing so.

As you know, the discovery deadline is July 18, 2016, and we intend to pursue each of these issues in a timely manner prior to that date. Your prompt attention and response is expected and appreciated. If, however, he have not received your responses by the **close of business on Friday, May 27, 2016**, we will seek appropriate intervention by the Court.

Sincerely,

Kurt G. Larkin

KGL/bcu
Enclosure

# AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

This authorization is designed to satisfy the Federal Standards for Privacy of Individually Identifiable Health Information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the restrictions on disclosure of alcohol or drug abuse records under 42 C.F.R. Part 2 (the "Federal Alcohol and Drug Abuse Confidentiality Rules").

I, Lisa Cooper, do hereby authorize the following Medical Provider(s) (the "Medical Provider(s)") to disclose the information described below to the law firm of Hunton & Williams LLP, collectively (the "Recipient"), for Recipient's use, including re-disclosure to others, in connection with a lawsuit pending in THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, entitled LISA COOPER V. THE SMITHFIELD PACKING COMPANY, INC., CASE NO.: 7:13-CV-145-F, in which I am the Plaintiff (the "Lawsuit"), and for no other purpose.

**MEDICAL PROVIDER(S):**

> All healthcare providers of every type who have ever treated me, specifically including but not limited to, _____
> _____
> _____
> _____

The information to be disclosed includes information that relates to my past, present or future physical or mental health or condition, the provision of healthcare to me, and/or my past, present or future payment for the provision of medical care. This information includes:

> Any and all medical and/or health records, including but not limited to physical evaluations and/or records, files, notes, reports, memoranda, correspondence, laboratory reports, radiology reports, hospital discharge summaries, notes of telephone conferences, evaluations, diagnoses, prescriptions, diagrams, or indicia thereof, billing and payment records, tape recordings, videotape recordings, or recordings in any medium made, concerning my identity, diagnosis, examination, evaluation, history and treatment for any and all physical injuries and illnesses.

> AND

> Any records for mental or psychiatric treatment and treatment for alcohol or drug abuse, including medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of diagnosis(es), functional status, the treatment plan, symptoms, prognosis, progress to date, and other documents regarding my treatment. This includes notes recorded in any medium by a mental health professional that document or analyze the contents of conversation during a counseling session and that are separated from the rest of my medical record

I acknowledge and understand that I may revoke this authorization at any time by providing written notice to the law firm of Hunton & Williams, to the attention of KURT LARKIN, ESQ., HUNTON & WILLIAMS, LLP, 951 EAST BYRD STREET, RICHMOND, VIRGINIA 23219; provided, however, that this authorization may not be revoked to the extent it has been relied upon by any Medical Provider in disclosing any information prior to such revocation. *This authorization shall continue to be valid and in effect until the final adjudication of the Lawsuit (including any appeals) unless it is revoked in writing in accordance with the procedures described in this paragraph.*

I also acknowledge that the information provided pursuant to this authorization (other than alcohol or drug abuse treatment records) may under HIPAA be redisclosed by the Recipient without any additional authorization by me, and that, upon such redisclosure, such information will no longer be protected under HIPAA, but the Recipient may be prohibited (1) from making such redisclosure by applicable state law and/or (2) from disclosing alcohol or drug abuse treatment records under the Federal Alcohol and Drug Abuse Confidentiality Rules.

I further acknowledge that any Medical Provider listed above may not condition treatment upon whether I sign this authorization.

A copy of this authorization shall have the same force and effect as the original. A copy of this authorization will be given to me after it is signed.

_____         _____
**SIGNATURE OF LISA COOPER**                         Date

_____
Name of Plaintiff

_____
Social Security Number of Plaintiff

_____
Date of Birth (mm/dd/yr) of Plaintiff

If signed by a personal representative of the individual, describe the representative's authority to act for the individual: _____