# **EXHIBIT 12**

ANGELA D. WALTON, Plaintiff, v. NORTH CAROLINA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES and ROBERT N. BROGDEN, JR., Defendants.

NO. 5:09-CV-302-FL

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, WESTERN DIVISION

2011 U.S. Dist. LEXIS 25102

March 11, 2011, Decided
March 11, 2011, Filed

SUBSEQUENT HISTORY: Motions ruled upon by *Walton v. N.C. Dep't of Agric. & Consumer Servs.*, 2011 U.S. Dist. LEXIS 77322 (E.D.N.C., July 14, 2011)

PRIOR HISTORY: *Walton v. N.C. Dep't of Agric. & Consumer Servs.*, 2010 U.S. Dist. LEXIS 143680 (E.D.N.C., Feb. 17, 2010)

COUNSEL: [*1] For Angela D. Walton, Plaintiff: David G. Schiller, LEAD ATTORNEY, Schiller & Schiller, Raleigh, NC; Luther Donald Starling, Jr., LEAD ATTORNEY, Daughtry, Woodard, Lawrence & Starling, Smithfield, NC; Marvin Schiller, LEAD ATTORNEY, Schiller & Schiller PLLC, Raleigh, NC.

For North Carolina Department of Agriculture and Consumer Services, Defendant: Anne J. Brown, LEAD ATTORNEY, NC Department of Justice, Raleigh, NC; John R. Corne, N.C. Department of Justice, Raleigh, NC.

For Robert N. Brogden, Jr., Defendant: Joy Rhyne Webb, LEAD ATTORNEY, Merritt, Flebotte, Wilson, Webb & Caruso, PLLC, Durham, NC.

JUDGES: LOUISE W. FLANAGAN, Chief United States District Judge.

OPINION BY: LOUISE W. FLANAGAN

OPINION

ORDER

This matter comes before the court on motion by defendant North Carolina Department of Agriculture and Consumer Services ("the Department") to compel plaintiff to submit to a mental examination (DE #56). Plaintiff timely filed a response in opposition. In this posture, the issues raised are ripe for review. For the reasons that follow, the Department's motion is granted.

STATEMENT OF THE CASE

Plaintiff initiated this action in the Superior Court of Wake County, North Carolina, on June 1, 2009, asserting various claims [*2] for relief arising out of alleged employment discrimination. The matter was removed from state court by defendants on July 2, 2009, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff's second amended complaint, filed November 17, 2009, alleges that while plaintiff was employed by the Department, she was subjected to continuous sexual harassment by her immediate supervisor, defendant Robert Brogden, Jr. ("Brogden"). On these grounds, plaintiff asserted five claims for relief. Plaintiff's first claim for relief was against the Department pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f) et seq. Second, plaintiff stated a claim for assault and battery against the Department and Brogden. Third, plaintiff stated a claim for intentional infliction of emotional distress against the Department and Brogden. Fourth, plaintiff stated a claim for negligent infliction of emotional distress against the Department and Brogden. Finally, plaintiff's fifth claim for relief asserted violations of the North Carolina Constitution against the Department.

On February 17, 2010, the court took up and considered several dispositive motions then pending. In [*3] that order, the court dismissed claims stated against the Department for assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress, on the grounds that the doctrine of sovereign immunity barred those claims. Further, the court dismissed plaintiff's claim for relief pursuant to the North Carolina Constitution. As a result of that order, plaintiff's Title VII claim remained pending against the Department, and all claims stated in the second amended complaint remained pending against Brogden.

The court in the following months revised its scheduling order several times, granting multiple extensions of time to complete discovery. Most recently, on November 24, 2010, the court extended the deadline for completion of discovery to February 21, 2011. On February 4, 2011, the Department filed the instant motion pursuant to Rule 35 for an order directing plaintiff to submit to a mental examination. The Department requested that plaintiff be submitted to the proposed examination on February 28, 2011, and March 3, 2011. Plaintiff filed a response in opposition on February 9, 2011.

The court recognizes the Department's motion has been pending [*4] since February 9, 2011, and regrets that the press of the court's docket has prevented decision from being rendered within the discovery period, which expired on February 21, 2011. The court notes, however, the Department's motion for Rule 35 examinations, made on the eve of the close of discovery, proposed dates for examinations that do not adhere to the discovery period set forth clearly by the court in previous order, where examination was requested after its expiration. Accordingly, although the Department's motion shall herein be granted, it is necessarily required that the court set specific deadlines for the conduct of the examinations, which are set forth more specifically in the conclusion of this order.

DISCUSSION

The Department seeks pursuant to Rule 35(a) of the Federal Rules of Civil Procedure to compel plaintiff to submit to a mental examination consisting of: (i) a psychiatric examination by George Patrick Corvin, M.D., D.F.A.P.A., a physician and psychiatrist duly licensed by and practicing medicine in the State of North Carolina; and (ii) a psychological examination and one or more psychological tests by Ginger C. Calloway, Ph.D., HSP-P, a psychologist duly licensed [*5] by and practicing psychology in the state of North Carolina.

A. Requirements of Rule 35

Rule 35(a) provides that the court "may order a party whose mental or physical condition, including blood group, is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2).

"Rule 35 requires (1) an affirmative showing by the movant of 'good cause' for ordering an independent medical examination, and (2) a showing that the mental or physical condition is truly 'in controversy.'" E.E.O.C. v. Maha Prabhu, Inc., 2008 U.S. Dist. LEXIS 74393, 2008 WL 2559417, *2 (W.D.N.C., June 23, 2008). The Supreme Court has recognized that the twin requirements of "good cause" and "in controversy" are distinct concepts which must be addressed separately. See Schlagenhauf, 379 U.S. at 118-19; see also Maha Prabhu, 2008 U.S. Dist. LEXIS 74393, 2008 WL 2559417 at *3 (holding that the magistrate judge committed clear error by not [*6] identifying how the specific and separate "good cause" and "in controversy" requirements were satisfied).

Unlike other tools of discovery, a physical or mental examination under Rule 35 requires more than a showing of mere relevance. See Schlagenhauf v. Holder, 379 U.S. 104, 113, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964); see also Guilford Nat'l Bank of Greensboro v. S. Ry. Co., 297 F.2d 921, 923-24 (4th


Cir. 1962). Indeed, "the specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)." *Guilford*, 297 F.2d at 924. To the contrary, *Rule 35* requires a more heightened evaluation by the district court. "Under *Rule 35*, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate." Id.

B. The Department's Motion

The Department seeks a court order directing the plaintiff to appear for and submit to a mental examination consisting of: (1) a psychiatric examination by Dr. George Patrick Corvin; and (2) a psychological examination by Dr. [*7] Ginger C. Calloway. The Department submits that these examinations are necessary to reach an independent determination as to plaintiff's alleged emotional and mental injuries and conditions, as well as to measure the reliability of the opinions submitted by plaintiff's experts, who have determined that plaintiff suffers from Major Depressive Disorder and Post Traumatic Stress Disorder as a result of the alleged sexual harassment. Plaintiff offers no substantive opposition to the propriety of the Department's *Rule 35* motion, but rather opposes the motion only to the extent that the examinations would require an extension of the deadline to complete discovery.

Rule 35 provides that a court may order the mental examination of a party whose mental condition is in controversy. *Fed.R.Civ.P.* 35(a). Courts have generally found the mental condition of a party to be in controversy where:

> (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own [*8] expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is 'in controversy' pursuant to Rule 35.

Smith v. Board of Governors, No. 7:08-CV-30-D, 2008 U.S. Dist. LEXIS 91271, 2008 WL 4877131, at *1 (E.D.N.C. Nov. 10, 2008) (citing *Maha Prabhu*, 2008 U.S. Dist. LEXIS 74393, 2008 WL 2559417, at *3).

Here, the plaintiff's mental condition is clearly in controversy. Plaintiff asserts that she has suffered severe emotional distress, and has asserted specific causes of action for intentional and negligent infliction of emotional distress in addition to her Title VII claim against the Department.[1] Admittedly, some courts have held that an emotional distress claim, without more, does not place a plaintiff's emotional condition in controversy. See *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D.Cal. 1995). However, this is not a settled issue. See *Nuskey v. Lambright*, 251 F.R.D. 3, 2008 WL 2388914, at *2 (disagreeing with Turner and concluding that an employee seeking compensatory damages for emotional injury placed her mental condition in controversy for purposes of *Rule 35*). Additionally, plaintiff alleges that she suffers from specific disorders, namely Major Depressive Disorder and Post [*9] Traumatic Stress Disorder, which rise above the level of "garden-variety" emotional distress. See *Maha Prabhu*, 2008 U.S. Dist. LEXIS 74393, 2008 WL 2559417, at *3 (explaining that mental condition is in controversy where the harm suffered is unusually severe). Plaintiff's mental condition therefore is in controversy for purposes of *Rule 35*.

---

1 The court notes that the independent tort claims have been dismissed as against the Department. However, plaintiff's mental condition remains in controversy as to the Title VII claim which remains pending against the Department, insomuch as plaintiff's allegations of emotional injury may influence

the award of compensatory damages which plaintiff seeks. See *Bennett v. Fairfax County, Va.*, 432 F.Supp.2d 596, 604-605 (discussing relationship of compensatory damages and emotional injury in Title VII cases).

Further, good cause exists for ordering the examinations. Good cause requires more than a mere showing of relevancy. *Guilford Nat. Bank of Greensboro*, 297 F.2d at 924. Here, the Department asserts that an independent examination is necessary to provide a counter-expert opinion in response to the expert opinions offered by plaintiff's health care providers. The Department alleges [*10] that plaintiff's experts employed "highly questionable methodologies and practices" including, *inter alia*, having no special training in the treatment of sexually harassed patients, failing to obtain plaintiff's medical records, failing to interview members of plaintiff's family about her symptoms, and failing to determine whether plaintiff had been subjected to any sexual abuse prior to the harassment alleged in this case. Courts have determined that a defendant in such a position should have the opportunity to explore the nature, cause, and extent of the alleged emotional injuries in order to defend against such a claim. See *Smith*, 2008 U.S. Dist. LEXIS 91271, 2008 WL 4877131, at *2. Further, good cause is typically found where "the average lay person would have difficulty evaluating the nature, extent, and cause of the claimant's injuries." *Maha Prabhu*, 2008 U.S. Dist. LEXIS 74393, 2008 WL 2559417, at *2. As explained above, plaintiff alleges more than mere "garden-variety" emotional distress in this case, but rather alleges specific psychiatric conditions which the average lay person would have difficulty evaluating. Accordingly, good cause exists to allow the examinations.

It appears to the court that the purposes of the Department's [*11] proposed psychiatric and psychological examinations and evaluations of the plaintiff are: (1) to enable Drs. Corvin and Calloway to test and measure the accuracy, reliability, and scientific and methodological soundness of the diagnoses and other opinions expressed by the plaintiff's experts in this case, as expressed in their deposition testimony previously given; and (2) to enable Drs. Corvin and Calloway to make an independent, objective and verifiable forensic determination as to whether plaintiff has, in fact, experienced and sustained the psychological and physical symptoms, injuries and conditions that she and her experts allege she has experienced and sustained. Plaintiff has placed her mental condition in controversy, and good cause exists to allow these examinations. Accordingly, the Department's motion shall be granted.

CONCLUSION

For the reasons set forth above, the Department's motion to submit plaintiff to a mental examination (DE #56) is GRANTED. The Department's motion for leave to file a reply (DE #61) is DENIED AS MOOT.

It is further ORDERED that plaintiff submit to a psychiatric examination by Dr. George Patrick Corvin, concerning the nature, cause, and extent of plaintiff's [*12] alleged emotional or mental conditions, said examination to take place at Dr. Corvin's offices, North Raleigh Psychiatry, P.A., 5530 Munford Road, Suite 119, Raleigh, North Carolina, 27612, said examination to last not longer than eight hours, concluding in one calendar day. Plaintiff's examination by Dr. Corvin shall take place on a mutually agreeable day no later than **April 10, 2011.**

It is further ORDERED that plaintiff submit to a psychological examination and associated psychological tests by Dr. Ginger C. Calloway, concerning the nature, cause, and extent of plaintiff's alleged emotional or mental conditions, said examination to take place at Dr. Calloway's offices, 855 Washington Street, Suite 200, Raleigh, North Carolina, 27605, said psychological examination and testing to last not longer than eight hours in one day, however said examination and testing may continue, if necessary, to a second day, not to last longer than eight hours on the second day. Plaintiff's examination by Dr. Calloway shall take place on a mutually agreeable day no later than

**April 10, 2011.**

It is further ORDERED that these examinations of plaintiff shall proceed without the accompany of another, as suggested [*13] by plaintiff.

The Department is ORDERED to provide copies of the written reports resulting from these examinations to plaintiff by no later than **April 20, 2011.** Upon receipt of such reports, plaintiff shall have the opportunity to depose the examining experts. If plaintiff desires such an opportunity, plaintiff shall **within ten days** of receiving the reports file a request with the court reporting the position of the Department as to whether such depositions are agreed to, as well as a proposed mutually agreeable date for the conduct of said depositions. Thereafter, further order will follow establishing a new dispositive motions deadline and date for trial.[2] The current deadline for filing dispositive motions and the trial date necessarily are set aside.

> 2 The parties may reasonably anticipate that the deadline for dispositive motions will be thirty (30) days from the final act of discovery. The parties will also recall that the court generally sets trial no sooner than 120 days from the date of the dispositive motions deadline.

SO ORDERED, this the 11th day of March, 2011.

/s/ Louise W. Flanagan

LOUISE W. FLANAGAN

Chief United States District Court Judge

RONNETTE SMITH, Plaintiff, v. BOARD OF GOVERNORS of the UNIVERSITY of NORTH CAROLINA, and its constituent institution, NORTH CAROLINA STATE UNIVERSITY AT RALEIGH, Defendants.

No. 7:08-CV-30-D

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, SOUTHERN DIVISION

2008 U.S. Dist. LEXIS 91271

November 10, 2008, Decided
November 10, 2008, Filed

SUBSEQUENT HISTORY: Sanctions disallowed by *Smith v. Bd. of Governors*, 2008 U.S. Dist. LEXIS 91302 (E.D.N.C., Nov. 10, 2008)

COUNSEL: [*1] For Ronnette Smith, Plaintiff: Mario M. White, LEAD ATTORNEY, Mario M. White, Clinton, NC; Robert Lewis, Jr., LEAD ATTORNEY, The Lewis Law Firm, P.A., New Bern, NC.

For Board of Governors of the University of North Carolina, North Carolina State University at Raleigh, Defendants: Joyce S. Rutledge, Kimberly D. Potter, LEAD ATTORNEYS, N.C. Department of Justice, Raleigh, NC.

JUDGES: DAVID W. DANIEL, United States Magistrate Judge.

OPINION BY: DAVID W. DANIEL

OPINION

ORDER

This matter is before the Court on Defendants' motion for a mental examination of Plaintiff [DE-12] and Plaintiff's motion for protective order [DE-13]. Both parties have filed responses [DE-13 & 14], and this matter is ripe for adjudication.

I. BACKGROUND

Plaintiff filed this action alleging employment discrimination and retaliation on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, while she was employed as an Extension Secretary II with North Carolina State University's Cooperative Extension Program in Brunswick County. Plaintiff alleges that she suffered mental and emotional pain and anguish as a result of the discrimination and retaliation and seeks compensatory damages for emotional distress.

Defendants initially [*2] requested that Plaintiff consent to a *Rule 35* examination with a psychologist to "assess the validity of [Plaintiff's] allegations regarding her emotional distress and its causation" (Defs.' Mot. for *Rule 35* Exam. Ex. 1). According to Defendants, Plaintiff failed to respond to the request. Defendants then filed the present motion alleging that Plaintiff's mental condition is in controversy and that good cause exists for the examination. Plaintiff seeks a protective order limiting the duration, scope, and purpose of the *Rule 35* examination.

II. DISCUSSION

A. Plaintiff's mental condition is "in controversy."

Rule 35 provides that on a motion for good cause a court may order the mental examination of a party whose mental condition is in controversy. *Fed. R. Civ. P. 35(a)*. Courts have found the mental condition to be in controversy where "(1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement

her claim of [*3] emotional distress; or (5) the plaintiff concedes that her medical condition is 'in controversy' pursuant to Rule 35." *E.E.O.C. v. Maha Prabhu, Inc.*, 2008 U.S. Dist. LEXIS 74393, 2008 WL 2559417, at *3 (W.D.N.C. June 23, 2008)(citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)). While some courts, including the *Turner* court, have held that an emotional distress claim without more does not place a plaintiff's mental condition in controversy, *Turner*, 161 F.R.D. at 95, 97, this is not a settled issue, *see Nuskey v. Lambright*, 251 F.R.D. 3, 2008 WL 2388914, at *2 (D. D.C. 2008)(disagreeing with *Turner* and concluding that an employee seeking compensatory damages for emotional pain and suffering places her mental condition in controversy for purposes of *Rule 35*). The Court, however, need not decide this issue because Plaintiff in this case concedes that her mental condition is in controversy. (Pl.'s Mot. for Protective Order at 3.) Plaintiff does dispute that Defendants have shown good cause for the scope of the mental exam requested. (*Id.*) Accordingly, the Court must consider whether Defendants have demonstrated good cause for the requested mental exam.

B. Good cause exists for a *Rule 35* examination.

Good [*4] cause requires more than a mere showing of relevancy. *Guilford Nat. Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962)("The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by *Rule 26(b)*."). This inquiry is not to be taken lightly by the courts, and the Fourth Circuit has noted its importance in protecting an individual's right to privacy. *Id.* ("Under *Rule 35*, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate.") The Supreme Court explained that a showing of good cause requires,

> . . . an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

*Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).

Defendants [*5] assert that good cause exists for a mental examination of Plaintiff based on the following: (1) Plaintiff failed to voluntarily consent to a mental examination; (2) Plaintiff's mental condition is at issue (e.g. how it affected her perception of her job performance); (3) Plaintiff may suffer from a pre-existing psychological impairment; (4) Plaintiff's asserted psychological distress and the reliability and credibility of her allegations should be assessed through a mental examination; and (5) Plaintiff may present expert testimony to support her claim of emotional distress and damages, and a mental examination is necessary to rebut such testimony. Plaintiff argues that Defendants are overreaching and that the requested examination should be limited (1) to whether her emotional distress has a specific diagnosis and (2) to what extent that emotional distress was caused by her work environment. The Court concludes that good cause exists for the purpose of determining the nature, cause, and extent of any emotional distress caused to Plaintiff by Defendants and that the scope of the examination need not be further limited.

The fact that Plaintiff did not voluntarily consent to an exam is [*6] insufficient to show good cause. A lack of consent makes a court order a procedural necessity if warranted, but provides no substantive support for Defendants' request. The court does agree, however, that Defendants have established good cause for a mental examination to diagnose Plaintiff's asserted emotional distress and to independently assess

the cause and extent of any emotional distress caused to Plaintiff by Defendants. See Lytel v. Simpson, 2006 U.S. Dist. LEXIS 53927, 2006 WL 2053516, at *4 (N.D. Cal. July, 21 2006)(concluding that denial of Rule 35 motion "would deprive [defendant] of a fair opportunity to defend against [plaintiff's] claims of emotional distress in the event [plaintiff] is later allowed to submit her treating physician's testimony;" the court limited the scope to "assessing the nature, cause and extent of [plaintiff's] emotional distress."). Plaintiff seeks $ 300,000 in damages for emotional anguish and distress (Pl.'s Initial Disclosures at 2), and Defendants have a right to explore the nature, cause, and extent of Plaintiff's alleged emotional distress in order to defend against the claim.

C. Protective order unnecessary.

Plaintiff has requested a protective order seeking (1) to limit [*7] the scope of questioning, (2) to require further disclosure by the expert as to the relevancy of the proposed testing, (3) to limit the location of the test to Plaintiff's county of residence, or alternatively to pay Plaintiff's travel expenses and loss of wages, (4) to limit testing to one day, (5) to require that Plaintiff's deposition be submitted to Dr. Calloway, Defendants' proposed examiner, and that Dr. Calloway be ordered to refrain from questioning Plaintiff about the facts of the case, and (6) to require that Plaintiff's counsel be present during the exam to protect her rights.

Plaintiff argues that, absent a protective order, Dr. Calloway's report and testimony may supplant the role of the jury in determining Plaintiff's credibility and may contain irrelevant information regarding Plaintiff's prior employment. These concerns are premature and do not vitiate Defendants' good cause shown, as Plaintiff may seek exclusion of any overreaching or irrelevant evidence at trial. Consequently, it is unnecessary to limit in such a way the scope of Dr. Calloway's examination.

With respect to the proposed testing, Defendants filed an affidavit from Dr. Calloway outlining the usefulness [*8] of the proposed tests in this case. (Defs.' Resp. to Pl.'s Mot. for Protective Order, Ex. B.) This testing appears reasonable given Plaintiff's emotional distress claim. Likewise, the Court finds unnecessary the submission of Plaintiff's deposition to Dr. Calloway or an order limiting Dr. Calloway's questioning of Plaintiff about the facts of the case. To the extent evidence from Dr. Calloway's examination, including any tests administered, is irrelevant or overreaching, Plaintiff may seek its exclusion at trial.

A protective order is unnecessary to address the other concerns of Plaintiff because Rule 35 requires the court to specify the scope, time, place, manner, conditions, and the person performing the examination. Fed. R. Civ. P. 35(a)(2)(B).

  1. The court finds that one eight (8) hour day is sufficient time to conduct the examination. See Simonelli v. University of California-Berkeley, 22007 U.S. Dist. LEXIS 44373, 007 WL 1655821, at *3 (N.D. Cal. June 4, 2007)(finding that eight hours is a reasonable time frame for Plaintiff's psychiatric examination to ensure accurate results and prevent overreaching probe).

  2. The examination shall occur at the office of Dr. Calloway in Raleigh, NC, on a date agreeable to [*9] both parties not later than **forty-five (45) days** after the entry of this Order. Rule 35 does not require Defendants to pay Plaintiff's travel expenses or lost wages associated with the examination, and Plaintiff has cited no authority to support her request.

  3. Dr. Calloway shall conduct the examination of Plaintiff. She appears to be a suitably licensed examiner (Defs.' Resp. to Pl.'s Mot. for Protective Order, Ex. B) as required by Rule 35, and Plaintiff made no objection to Dr. Calloway serving as examiner.

4. Plaintiff also suggests she has a right to counsel's presence at the examination to protect her from improper questioning. (Pl.'s Mot. for Protective Order at 8.) The Court is not persuaded that Plaintiff needs the protection of counsel in a civil case such as this one. Neither Plaintiff's counsel nor any other third-party shall be present in the examination. *See Holland v. United States*, 182 F.R.D. 493, 495 (D. S.C. 1998)("The weight of federal authority, however, favors the exclusion of the plaintiff's attorney from a *Rule 35* examination absent a compelling reason.")(citations omitted).

III. CONCLUSION

Defendants' motion for a *Rule 35* examination is hereby **GRANTED** and Plaintiff's [*10] motion for a protective order is hereby **DENIED.**

It is hereby **ORDERED** that Plaintiff submit to a *Rule 35* mental examination concerning the nature, cause, and extent of Plaintiff's emotional distress to be conducted by Dr. Ginger Calloway, on a date agreeable to both parties but not later than **forty-five (45) days** after the entry of this Order. The examination shall not exceed more than **eight (8) hours** and is limited to **one (1) day.** This Order modifies the parties' jointly submitted discovery plan and scheduling order in this case to the extent contradictory with the dates set forth herein.

This the 10th day of November, 2008.

/s/ David W. Daniel

DAVID W. DANIEL

United States Magistrate Judge