IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:13-cv-145-F

| Lisa Cooper, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | |
| | ) | |
| vs. | ) | *Plaintiff's Memorandum in Opposition* |
| | ) | *to Defendant's Motion to Compel IME* |
| | ) | *and Extend Discovery Deadline* |
| The Smithfield Packing Company, Inc., | ) | |
| *Defendant*. | ) | |

PRELIMINARY STATEMENT

The Plaintiff initially filed this lawsuit on July 11, 2013 alleging causes of action for Retaliation and Hostile Work Environment Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964, and as amended in 1991, Negligent and Intentional Infliction of Emotional Distress, and Negligent Supervision and Retention. After granting in part the Defendant's Motions to Dismiss this lawsuit under Rule 12(b)(6), the Court ordered dismissal of all Plaintiff's claims except for the claim for Hostile Work Environment Sexual Harassment. The Plaintiff's Fourth Amended Complaint was filed on August 23, 2015, and discovery began in this matter in mid-September, 2015.

Despite the Defendant's contention that Plaintiff has intentionally withheld critical information, the facts show otherwise. The Plaintiff supplemented her discovery responses on December 16, 2015 by including information pertaining to an EEOC Charge filed against a previous employer; and again on January 4, 2016 by executing a medical authorization allowing the Defendant to directly receive medical/clinical records from her treating physician(s) at Community Innovations. After her deposition on May 17, 2016, the Plaintiff again executed an

1

open authorization for release of medical records, and explained and clarified in her second supplemental response dated June 2, 2016 that she was not treated by any other healthcare provider except for those employed at Community Innovations.

## STANDARD OF REVIEW

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, when the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Therefore, under the Rule, Defendant must show: (1) Plaintiff's mental condition is in controversy; (2) the physician is suitably licensed or certified; and (3) good cause. *Shumaker vs. West*, 196 F.R.D. 454 (S.D.W.Va.2000).

## ARGUMENT

### DEFENDANT'S MOTION TO COMPEL IME AND EXTEND EXPERT DEADLINE SHOULD BE DENIED

The only claim currently pending in this action is a claim for hostile work environment sexual harassment. In order to establish a *prima facie* case of hostile work environment sexual harassment, Plaintiff must show: (1) that she was subjected to unwelcome conduct; (2) the unwelcome conduct was based on sex; (3) it was sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment; and (4) some basis exists

2

for imputing liability to the employer. *See Smith v. First Union Nat'l Bank,* 202 F.3d 234 (4th Cir.2000). Consequently, hostile work environment sexual harassment does not require proof of emotional distress as would be required in an intentional or negligent infliction of emotional distress claim.

Although the Plaintiff alleged that she is entitled to receive damages for mental anguish, she does not allege mental anguish as an element of her claim. She has not placed her mental condition in controversy, thereby rendering Rule 35 inapplicable. Here, the Defendant has been aware that the Plaintiff has alleged damages for mental anguish since filing her initial complaint in 2013. Even though the Defendant now alleges that the Plaintiff's inaccuracy regarding her previous treatment for emotional distress precipitated the need for its motion, the contention is not supported by the facts. The Defendant contends that if it had known the Plaintiff "has been receiving mental health treatment as a result of an alleged sexual assault by a former employer, it would have immediately requested an IME". However, that alone would not have formed the basis for an IME. Rule 35 only pertains to actions where a person's mental condition is in controversy in the current litigation. Whether or not the Plaintiff saw a previous healthcare provider regarding a previous allegation of sexual harassment that occurred over twenty (20) years prior has no bearing on a current claim of hostile work environment sexual harassment. Moreover, the Plaintiff included information pertaining to her previous sexual harassment case to the Defendant in supplemental discovery responses. Now, the court having dismissed the Plaintiff's two (2) claims for emotional distress, the Plaintiff no longer has to prove that she suffers or suffered from severe emotional distress as a result of the sexual harassment alleged in this action.

In *Blakeley v. Town of Taylortown,* 756 S.E.2d 878 (N.C.App.2014), the Court of Appeals held that there is a difference when emotional distress is a required element of a claim and when it is a type of damage, opining that there is no requirement that a plaintiff must show severe emotional distress in order to recover pain and suffering damages. *See Iadanza,* 169 N.C.App. at 780, 611 S.E.2d at 221–22 (rejecting the argument that ''the psychological component of damages for 'pain and suffering' must meet the same standard as the element of 'severe emotional distress' that is part of claims for infliction of emotional distress''). Thus, plaintiff was not required to show either ''severe emotional distress'' or ''extreme and outrageous conduct'' by defendant to be awarded emotional distress or pain and suffering damages.

In *Shumaker, supra*, the court addressed a similar situation. There, the Defendant moved the court under Rule 35 for an Order compelling the Plaintiff to submit to an IME because the Plaintiff brought a claim pursuant to the Rehabilitation Act of 1973 alleging that she suffered from PTSD. The Defendant contended that the Plaintiff's mental condition was in controversy because she alleged that she was terminated because of her mental impairment. The Plaintiff opposed the medical examination arguing that the Defendant's motion was made in an improper attempt to extend the Scheduling Order deadline for purposes of making a timely disclosure of its expert witness and report. Plaintiff also alleged that good cause did not exist for an independent examination because the Defendant did not demonstrate why a personal examination was necessary when her medical records were provided. Further, in *Shumaker*, the Plaintiff had given the Defendant access to her medical records and the Defendant did not demand an IME until eight (8) days before filing its motion to compel an IME. The Court held that the Defendant's belated Rule 35 IME request made days before its expert disclosures were

due failed to comply with the discovery rules and would be denied. The Court also denied the Defendant's motion because the Defendant did not show good cause for the granting of the motion, relying on *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.E.2d 152 (1964). In *Schlagenhauf*, the Court opined that "good cause requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. …"

In the present case, the Defendant argues that the Plaintiff alleges she suffered from chronic depression, insomnia, chronic anxiety, stress, nervous stomach and fear as a result of the sexual harassment in this case. It has identified Dr. Manish Fozdar, a neuropsychiatrist and Dr. Thomas Bundick, a psychologist to perform the IME. However, the Defendant has not affirmatively shown that either physician is qualified to determine whether the Plaintiff suffered from any of the illnesses at or near the time of the sexual harassment by Tommy Lowery between approximately 2009 and 2011. Further, the Defendant cannot show that each condition the Plaintiff alleged she suffered as a result of the sexual harassment that occurred between 2009 and 2011 is "really and genuinely" in controversy.

## CONCLUSION

Based on the foregoing, the Plaintiff prays the court for an Order DENYING the Defendant's Motion to Compel IME and Extend Discovery to Disclose an Expert.

This the 13th day of June, 2016.

GRAY NEWELL THOMAS, LLP

BY: /s/ Angela Gray
    Angela Newell Gray
    7 Corporate Center Court, Suite B

Greensboro, NC  27408
Telephone: (336) 724-0330
Facsimile: (336) 458-9359
Email: angela@graynewell.com
*Attorney for Plaintiff*
NC Bar # 21006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:13-cv-145-F

| | | |
|---|---|---|
| Lisa Cooper, ) | | |
|     *Plaintiff*, ) | | |
| ) | | |
| ) | | |
|     vs. ) | | *Certificate of Service* |
| ) | | |
| ) | | |
| The Smithfield Packing Company, Inc., ) | | |
|     *Defendant*. ) | | |

    I, Angela Newell Gray, Attorney for the Plaintiff, do hereby certify that I served the foregoing Plaintiff's Response in Opposition to the Defendant's Motion to Compel IME upon counsel for the Defendant shown below by electronically filing the same with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorney of record;

Melissa A. Romanzo
Hunton & Williams LLP
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
mromanzo@hunton.com

Kurt G. Larkin
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
klarkin@hunton.com

This the 13th day of June, 2016.

    <u>/s/ Angela Gray</u>
    Angela Newell Gray
    Gray Newell Thomas, LLP
    7 Corporate Center Court, Suite B
    Greensboro, NC 27408
    Tel:    (336) 724-0330

Fax: (336) 458-9359
Email: angela@graynewell.com
NC State Bar #21006